RENSSELAER COUNTY AGRICULTURAL AND HORTICULTURAL SOCIETY, Respondent, *v.* EDWARD C. WEATHERWAX et al., Appellants, Impleaded with Another.

(Argued December 2, 1930; decided January 6, 1931.)

*Alex. T. Selkirk* and *John P. Weatherwax* for appellants. Plaintiff has no power of eminent domain. (*Sharp* v. *Spier*, 4 Hill, 76; *Hooe* v. *United States*, 218 U. S. 322; *Matter of Water Commrs.*, 96 N. Y. 351; *Schneider* v. *City*

of Rochester, 160 N. Y. 165; *Litchfield* v. *Bond*, 186 N. Y. 66; *Bell Telephone Co.* v. *Parker*, 187 N. Y. 299; *Board of Education* v. *O'Rourke*, 191 App. Div. 317; *People* v. *Fisher*, 189 App. Div. 148; 233 N. Y. 663; *Erie R. R. Co.* v. *Steward*, 170 N. Y. 172; *Matter of Niagara Falls & Whirlpool R. Co.*, 108 N. Y. 376; *Matter of Split Rock Cable-Road Co.*, 128 N. Y. 408; *Matter of Mayor of New York*, 135 N. Y. 253.)

*H. P. Humphrey* for respondent. The plaintiff as an agricultural society, receiving moneys from the State for premiums paid for improving the breed of cattle, is entitled to acquire real property needed for its corporate purposes by condemnation. (Cons. Laws, ch. 35, § 201.)

*Per Curiam.* By section 201 of Membership Corporations Law (Cons. Laws ch. 35), respondent was entitled to condemn real property needed for its corporate purposes. The question is whether it has been deprived of that right by section 206 of the Membership Corporations Law* because it has capital stock. For all that appears the shares of stock were issued to raise money for corporate purposes only and do not entitle the owners to share in the corporate profits. The distinction between the two classes of capital stock mentioned in section 206 seems plain. Any agricultural or horticultural corporation may have capital stock. Such capital stock is of two kinds: *First*, the corporation may issue shares of capital stock to raise money for corporate purposes. *Secondly*, the corporation may go

---

* § 206. Capital stock. An agricultural or horticultural corporation may have capital stock, not less than five thousand dollars, divided into shares of not less than ten dollars each, and may issue such shares at not less than the par value thereof to raise money for its corporate purposes, if provision therefor be made in its certificate of incorporation or in a certificate filed pursuant to section thirty. An agricultural or horticultural corporation, which has issued or shall hereafter issue capital stock, entitling its shareholders to dividends from the profits of the corporation, shall be subject to the stock corporation law and not to the provisions of this chapter.

further and issue capital stock *entitling its shareholders to dividends* from the profits of the corporation. It is only when the second class of stock is issued that the corporation becomes " subject to the stock corporation law " and not to the provisions of the Membership Corporations, Law.

" Capital stock " means the amount of capital contributed by the members for corporate purposes. Certificates of stock, as the term is used in the act, may be deemed to be mere certificates of membership (Membership Corporations Law, § 40) when issued by corporations not organized for pecuniary profit. Ownership of capital stock does not of itself entitle the shareholders to dividends. Mere membership in a membership corporation implies equality, *i. e.*, one vote for each member (Membership Corporations Law, § 41), but shareholders vote in accordance with the number of shares held by them. Therefore it would be proper to have shares of stock in a membership corporation which did not entitle the holder to dividends. If, however, the corporation becomes a true stock corporation, it may properly be made " subject to the stock corporation law " and taken out of the provisions of the Membership Corporations Law.

If the society, having had the right to condemn real property and having alleged that right in its petition, has lost the right by issuing capital stock " entitling its shareholders to dividends," the allegation of the petition is traversable and the answer permits proof of the fact. In the absence of proof to the contrary the right to condemn remains. (Laws of 1926, ch. 722, § 4; *Matter of Brooklyn, W. & N. Ry. Co.*, 72 N. Y. 245.) Such is the situation before us.

The question certified should be answered in the affirmative and the order affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.