## Capitalization of Insurance Companies

ANNE X. ALPERN, Attorney General, and MICHAEL J. STACK, JR., Deputy Attorney General, September 13, 1960.—You have asked our advice as to whether or not a domestic stock insurance company's capital structure may be composed of common and preferred stock. In the event it may, you further ask whether the articles of agreement must provide the time when and the conditions under which the preferred stock may be redeemed.

You have informed us that these questions arose in connection with a company to be organized as a stock casualty insurance company for the purpose of engaging in the classes of insurance specified in section 202, subdivision "c", paragraph 1, of The Insurance Company Law of May 17, 1921, P. L. 682. The amount of capital stock of the proposed company is to be $250,000, divided into 2,325 shares of participating preferred stock, of the par value of $100 each, and 3,500 shares of common stock of the par value of $5 each.

Article 5th, clause 4, of the proposed articles of agreement provides:

"The holders of the participating preferred stock and the holders of the common stock shall have one vote for each share of participating preferred stock and one vote for each share of common stock registered in the name of each such holder. In the event of any proposed merger or consolidation or in the event of any proposed amendment to these Articles of Agreement which would affect the capital structure of the company, the holders of the outstanding shares of both classes of stock shall be entitled to vote as a class in respect to any such proposed merger, consolidation or amendment. The percentage voting in favor of any such proposed merger, consolidation or amendment required to approve the same shall be the same per-

centage for each class of stock which would have been required if the company had only one class of stock."

Formal Opinion No. 525, In re Insurance Company Capitalization, 53 D. & C. 593, dated August 14, 1945, directed to Honorable Gregg L. Neel, the then Insurance Commissioner, advised that a domestic stock insurance company, its charter permitting, may issue preferred stock provided it has a par value of at least $5 a share, provided it allows the shareholders voting rights of one vote per share and provided that the stock is not callable or redeemable except in compliance with sections 328 to 331, inclusive, of The Insurance Company Law of 1921.

We reaffirm that opinion.

Section 205 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §385, provides:

"The capital stock of all stock insurance companies shall be divided into shares of not less than five dollars ($5). . . ."

It would be unreasonable to hold that "capital stock" is limited to common stock. The term "capital stock" is generic and certainly must include common and preferred.

This interpretation has been judicially supported in Claim of Berson, 126 N. Y. S. 2d 579, 283 App. Div. 190 (1953). The court said:

" 'Capital stock' in its strict and proper sense means 'the amount of capital contributed by the members for corporate purposes.' Rensselaer County Agricultural and Horticultural Society v. Weatherwax, 255 N. Y. 329, 331, 174 N. E. 699; 18 C. J. S., Corporations, §193, p. 614. When used with reference to the outstanding shares of stock, the term 'capital stock' embraces all classes of stock. . . ."

See also 6 Words and Phrases, Capital Stock, Pocket Part 50 (Permanent Edition).

The Fiscal Code of April 20, 1927, P. L. 322, as amended, 72 PS §1827.2(c), defines as "Capital Shares" or "Capital Stock":

". . . the units which recognize the stockholders' rights to participate in the control of the corporation or in its surplus or in its profits or benefits or in the distribution of its assets or dividends."

The Act of July 11, 1917, P. L. 804, 40 PS §390, which regulates the sale of stock in Pennsylvania of insurance companies, organized within or without the State, defines "Stock" as:

"The term 'stock,' as used in this act, includes bonds and any other evidence of indebtedness or of interest in the profits of any insurance corporation."

We are advised that foreign insurance companies doing business in Pennsylvania have been authorized to do business with capital structures which provide for preferred stock. Certainly, it is a desirable result to permit domestic companies to have the same financial flexibility as foreign competitors.

In our Formal Opinion No. 525 it was noted that section 302 provided that the stock of each insurance company shall be deemed personal property and that any stockholder shall be entitled to receive a certificate of the number of shares standing to his or her credit on the books of the company. Section 306 provides for transfer of the stock and for voting in person and by proxy. Section 309 provides that in the choice of directors or trustees, each share of stock shall be entitled to one vote. Section 310 provides for cumulative voting for directors. Sections 323 and 324 provide for increase of capital stock. Sections 328, 329, 330 and 331 provide the method for reducing capital stock, and sections 520 and 607 provide the procedure when capital is impaired. The opinion stated:

"From the foregoing it follows that an insurance company, its charter permitting, may issue preferred

as well as common stock. Both common and preferred stock must be at a par value of not less than $5.00 a share, but they need not have the same par. Each, however, must have voting rights of one vote per share. The preferred stock may not be called or redeemed, unless the capital of the company be reduced in accordance with the provisions of section 328 to 331, inclusive, of The Insurance Company Law of 1921. The preferred stock may be preferred as to dividends or in distribution ahead of common stockholders, but since it represents the capital of the company, it cannot be preferred over creditors or to the reduction of legal reserves. The other sections of The Insurance Company Law heretofore referred to are applicable to both common and preferred stock."

Sections 328 to 331, inclusive, of The Insurance Company Law of 1921 deal with reduction of capital stock but do not deal explicitly with redemption of stock. Implicitly these sections relate to redemption of stock.* Thus, the Commissioner may require the articles to state in detail information relative to redemption provisions.

It should be noted that the provisions in article 5th, clause 4, of the proposed articles of agreement, quoted above, on page 2, appear to be in conflict with section 329 relating to the reduction of capital. This section provides the method for obtaining the approval of the stockholders to a reduction of capital stock. In part it provides:

". . . The judges shall . . . count the number of shares voted for and against such reduction, and declare whether the persons or bodies corporate holding

---

* Redemption of Preferred Shares (1935), Note, 83 U. of Pa. Law Rev. 888; Jones, Redeemable Corporate Securities (1931), 5 So. Calif. L. Rev. 83; Fletcher Cyc. Corp. (1958 rev. ed.) §§5148, 5153, 5308.

the larger amount of the stock of such company have consented to such reduction. . . ."

It also appears to be in conflict with section 333 ($b$) which relates to proceedings to merge and consolidate. After detailing the procedure to be followed in obtaining the consent of the stockholders it provides for a vote on the question. It goes on to read:

". . . If a majority in amount of the entire capital stock . . . of each of said companies shall vote in favor of said agreement, merger, and consolidation, then that fact shall be certified . . ." [to the Insurance Commissioner].

Article 5th, clause 4, referred to above, gives the holders of outstanding shares of both classes of stock the right to vote as a class in respect to mergers or amendments which affect the capital structures of the company. Thus, the possibility exists that all common shares and 49 percent of the preferred shares might favor certain action, which action could be blocked by action of 51 percent of the preferred shares. Thus, in the instant company the holders of 1,163 shares of the preferred could overrule action desired by the holders of the 4,662 remaining combined common and preferred shares.

We are of the opinion that the Insurance Commissioner may approve articles of agreement for a proposed domestic insurance company the capital structure of which is composed of both preferred and common stock. The instant company should be required to change article 5th, clause 4, to comply with our interpretation of The Insurance Company Law of 1921. The limitations expressed in Formal Opinion No. 525 of August 14, 1945, still apply. Finally, the articles of agreement may be required to specify the time when and the conditions under which the preferred stock may be redeemed.