MODEL, ROLAND & Co., Plaintiff, *v.* INDUSTRIAL ACOUSTICS COMPANY, INC., et al., Defendants.

First Department, April 9, 1964.

*Joseph Rogers* for plaintiff.

*Spencer Pinkham* of counsel (*David J. Colton* with him on the brief; *Colton & Pinkham,* attorneys), for defendants.

*Per Curiam.* This is a controversy submitted on an agreed statement of facts pursuant to 3222 Civil Practice Law and Rules.

It appears that the corporate defendant has 84,800 shares of Class A and 45,200 shares of Class B stock, all issued and outstanding. Prior to August 7, 1959, defendant Hirschorn owned 50% of this stock, and certain others, known as the "Finn Group", owned the other 50%. On that date Hirschorn exercised an option to purchase the Finn Group's stock. The purchase was made in accordance with a prior agreement made between Hirschorn and the plaintiff. Pursuant to the terms of this agreement plaintiff advanced the money for the purchase and Hirschorn transferred the stock to the plaintiff and it was registered in plaintiff's name. Simultaneously plaintiff agreed to, and shortly thereafter did, sell to Hirschorn 1% of the Class A stock (the only stock with voting rights); so that as a result Hirschorn had 51% of the voting stock and plaintiff had 49%. An additional term of the agreement between Hirschorn and the plaintiff provided for the adoption of new by-laws for the corporation. Certain of these by-laws form the gist of the controversy and will be discussed below.

During all of this period the corporation had four directors, and following the acquisition by plaintiff of its stock two of these were nominees of Hirschorn and two of the plaintiff. On October 9, 1963, the stockholders at their annual meeting voted on a resolution to increase the number of directors from four to five. Hirschorn's stock was voted for the resolution and plaintiff's stock against it. Plaintiff claims that this resolution contravenes the by-laws of the corporation and is null and void.

Section 702 of the Business Corporation Law provides that the number of directors may be fixed by the by-laws, or, if a by-law so provides, by the action of the board of directors or the stockholders. Subdivision (b) provides that the number may be changed in the same ways. The corporation has a by-law dealing with the subject, this being one of the by-laws adopted in connection with the transaction above described, and the only by-law dealing with the number of directors and the authority to increase that number. It provides that the board shall consist of not less than 4 nor more than 10 directors; that the first board shall consist of 4 directors, and "The directors shall have power from time to time, and at any time, when the stockholders as such are not assembled in a meeting, regular or special, to increase their own number not exceeding the maximum amount set forth in the certificate of incorporation."

The literal meaning of this by-law, and for which plaintiff contends, is that the power to increase the number of directors rests solely with the directors, though at certain specified times they may not exercise it. Defendants contend that the restric-

tion against the directors acting when the stockholders are assembled means that at such times the stockholders may act to increase the number. A by-law is a formal writing advisedly promulgated and should be interpreted as written. This has peculiarly forceful application where the by-law was one of those adopted to implement a transaction between the parties. But if the meaning were to be sought by reference to other facts stated in the submission, an interpretation in accord with the literal meaning would be indorsed. It is the obvious advantage of the plaintiff which this action seeks to maintain to have an equal representation on the board of directors. This can only be effected by limiting the authority to increase to a body on which plaintiff has a parity of representation. It should be noted that this particular by-law may not be amended except by a two-thirds vote of the stockholders, a provision designed also to maintain that parity. When the transaction between plaintiff and Hirschorn was effected, these parties had equal representation on the board of directors and hence an equal measure of control over the affairs of the corporation. Obviously, in view of the fact that Hirschorn's stock interest exceeded plaintiff's, plaintiff's parity of control could only be maintained if the power to increase the number of directors was given to the body in which plaintiff had equal representation (i.e., the board of directors), rather than to the body (the stockholders) in which Hirschorn had numerical superiority. However, plaintiff's parity would be illusory, even in that event, if the by-law in question could be amended at Hirschorn's will and the power transferred to the stockholders. So it was provided that the by-law in question, together with certain others, could be amended only by a two-thirds vote of the stockholders. Defendant questions the validity of this restriction but, as no attempt to amend the by-laws is before us, we do not pass on the question. But the fact of the parties agreeing on such a by-law may be considered in its bearing on the meaning of the by-law providing for increasing the number of directors. And the inevitable conclusion is that as long as the interests of the respective parties remained the same, it was designed to make it impossible for Hirschorn to change this provision.

Judgment should be for the plaintiff for the relief requested, with costs.

BREITEL, J. P., McNALLY, STEVENS, STEUER and BASTOW, JJ., concur.

Judgment for plaintiff for the relief requested, with costs. Settle order on notice.