■ TRAVIS S. LEVY, Appellant, v. WESTCHESTER COUNTY et al., Respondents.— In an action for a declaratory judgment, specific performance and injunctive relief, plaintiff appeals from an order of the Supreme Court, Westchester County, dated September 6, 1967, which granted defendants' separate motions to dismiss his complaint and to cancel the notice of pendency of the action. Order modified, on the law, by striking therefrom the first two decretal paragraphs and by substituting therefor a provision (1) that the motions are granted with respect to the causes of action for specific performance and injunctive relief and denied with respect to the cause of action for a declaratory judgment and (2) that judgment declaring that plaintiff has no right, title or interest in the property in suit be made and entered herein, with costs to defendants. As so modified, order affirmed, with one bill of $10 costs and disbursements to respondents who filed separate briefs. No questions of fact were considered on this appeal. We agree with the Special Term that the Statute of Frauds bars specific performance and that equitable estoppel does not apply herein (cf. *Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318, 322; *Rason Asphalt* v. *Town of Oyster Bay*, 6 A D 2d 810). However, where the action is a proper one for declaratory judgment a court should not dismiss the

complaint if the plaintiff is not entitled to the relief he seeks, but should declare the rights of the parties and give judgment to the defendants (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Skyway Container Corp.* v. *Castagna*, 27 A D 2d 542). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.