■ PETER C. PROCOPIO et al., Appellants, v JOHN E. FISHER et al., Respondents. — Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: At issue on this appeal from an order denying plaintiffs' motion and defendants' cross application for summary judgment in a declaratory judgment action is whether a New York corporation holds membership in a not-for-profit corporation. Special Term also granted plaintiffs' motion to dismiss defendants' third counterclaim but denied their motion to dismiss the first and second counterclaims, from which denial plaintiffs also appeal. Defendants Fisher, the owners and developers of River Island Estates, a 20-lot subdivision of land, each lot comprising three to five acres, sold one lot in December, 1975 to the plaintiffs and, thereafter, their remaining lots to the defendant Japine Development Corporation (Japine), of which they are the sole stockholders, officers and directors. The sale was subject to certain recorded covenants which placed use, set-back, construction and other restrictions on the subdivision lots and provided that each lot owner would be a member of River Island Estates Association, Inc. (Association) which was incorporated under the Not-For-Profit Corporation Law on October 24, 1975. The restrictive covenants may be amended by the recording of an instrument executed by the voting members of the Association. The Association's by-laws provide that each member shall have one vote for each subdivision lot owned by the member. In September, 1980 the defendant John E. Fisher stated that he and Japine collectively owned 15 lots in the subdivision and that under the Association's by-laws he had 15 of the possible 20 votes which he intended to vote in favor of a resolution amending the restrictive covenants to reduce the minimum building requirements. It is conceded that Japine now holds title to 12 of the lots, having conveyed the remaining lots to various persons for residential construction. Plaintiffs, claiming that this voting power interpretation of the by-laws and proposed amendment of the restrictive covenants would be detrimental to their interests and that of other residents of the subdivision, instituted the within action seeking a declaration, among other things, that each member of the Association is only entitled to one vote in the conduct of the Association's affairs and that Japine is ineligible for membership. Defendants' answer contained three counterclaims alleging that plaintiffs (1) violated the construction covenant by building their residential dwelling within 100 feet of

the lot line; (2) violated the assessment covenant by failing to pay annual assessments since 1975; and (3) maliciously instituted a prior lawsuit forcing defendants to incur substantial legal fees. We consider first plaintiffs' claim that Japine is not a member of the Association and has no vote because under the certificate of incorporation and by-laws membership in the Association is limited to residents of the subdivision. The determination of this issue may be reached by a construction of the "plain and unambiguous wording" of the certificate of incorporation and by-laws of the Association and provisions of the restrictive covenants, and the question, as one of law, should be resolved in this summary judgment motion (see *Janos v Peck,* 21 AD2d 529, 531, affd 15 NY2d 509; see, also, *Levy v Westchester County,* 29 AD2d 664, affd 25 NY2d 850; Siegel, Practice Commmentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:22, p 372). Under the Not-For-Profit Corporation Law (§ 601, subd [c], par [4]) membership in a corporation may be effected in the manner prescribed by the certificate of incorporation or the by-laws. The certificate of incorporation may provide for the regulation of the internal affairs of the corporation (Not-For-Profit Corporation Law, § 402, subd [c]). The purpose of the Association as stated in the certificate of incorporation and by-laws is to "promote the health, safety and welfare of the residents" of the subdivision and the certificate of incorporation additionally provides that for the accomplishment of this purpose the Association, *inter alia,* shall "[e]nforce any and all covenants, restrictions and agreements applicable to The Properties". The restrictive covenants provide that each owner of a lot shall be a member of the Association and "member" (Association) and "owner" (lot) are defined to include a person or entity. The applicable provisions of the by-laws state that membership shall consist of "those person(s)" presently holding title together with all "person(s)" elected to membership and that all "person(s)" who hold title to property within the subdivision shall be eligible to membership upon stated conditions. The by-laws further provide that when two or more individuals hold title to a lot one of them may be appointed to hold membership in the Association and, upon the death of a member, a membership certificate shall be issued to a surviving tenant or estate representative and shall not be assignable otherwise. The conflict between the definition of "member" as used in the restrictive covenants to include an "entity" and the definition of membership in the by-laws as limited to "persons" must be governed by the by-laws and construed to preclude Japine, an entity, from membership in the Association. By-laws constitute a contract between the members and the corporation, and the members among themselves (see *Matter of George v Holstein-Friesian Assn. of Amer.,* 238 NY 513, 523; *Matter of Brown v Supreme Ct. of Ind. Order of Foresters,* 176 NY 132, 137; 12 NY Jur, Corporations Not-For-Profit, § 23, pp 535, 536; cf. Business Corporation Law, § 601), and the court is required to adjudicate the parties' rights "according to the unambiguous terms of the contract and therefore must give the words and phrases employed their plain meaning" *(Laba v Carey,* 29 NY2d 302, 308; see *Benderson Dev. Co. v Shwab Bros. Trucking,* 64 AD2d 447, 456; 10 NY Jur, Contracts, § 190, pp 93-94). We thus declare that Japine, an entity, is ineligible for membership in the Association. We further declare that, in any event, each member of the Association is limited to one vote in the conduct of its affairs. Subdivision (e) of section 611 of the Not-For-Profit Corporation Law (L 1971, ch 1057, § 4) states: "In any case in which a member is entitled to vote, he shall have no more than, nor less than, one vote". This statutory provision requires compliance by the Association with the "one-man, one-vote rule." Accordingly, the Association's by-law, which provides for the issuance of a membership certificate for each lot and permits a member to have one vote for each membership certificate issued due to ownership of more than one lot, violates

the statutory proscription and is invalid (see *Rensselaer County Agric. & Hort. Soc. v Weatherwax,* 255 NY 329, 331; *Bartlett v Lily Dale Assembly,* 139 Misc 338, app dsmd 6 AD2d 758; see, generally, 12 NY Jur, Corporations Not-For-Profit, §§ 48, 50; 6 White, New York Corporations [13th ed, Prunty], Not-For-Profit Corporation Law, § 611; cf. Not-For-Profit Corporation Law, § 602). The court properly dismissed defendant's third counterclaim and denied plaintiffs' motion to dismiss the first counterclaim but erred in denying plaintiffs' motion to dismiss the second counterclaim. Plaintiffs' assertion that the Association failed to fix the annual assessments and give plaintiffs notice thereof, a condition precedent under the restrictive covenants to their enforcement and collection, was not denied or responded to by defendant and the motion should have been granted. "[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do *(Zuckerman v City of New York,* 49 NY2d 557, 560; see, also, *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Goldstein v County of Monroe,* 77 AD2d 232). Defendants' first counterclaim alleges that plaintiffs violated the set-back requirements of the restrictive covenants in locating their residence on their lot and seek damages. Although plaintiffs deny that the restrictions were violated, they assert that the architectural committee failed to give written disapproval as required by the restrictive covenants. The record is silent as to whether plaintiffs requested a set-back variation and a triable issue of fact exists concerning their compliance with the set-back requirements of the restrictive covenants. Accordingly, partial summary judgment declaring and settling the rights of the parties and dismissing the second and third counterclaims should be granted and these causes of action severed from the cause of action alleged in the first counterclaim (CPLR 3212, subd [e]; see *Stigwood Organization v Devon Co.,* 44 NY2d 922; Siegel, New York Practice, § 285). (Appeal from order of Onondaga Supreme Court, Roy, J. — summary judgment.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule, and Schnepp, JJ.