■ DELAFIELD ESTATES HOMEOWNERS ASSOCIATION, INC., Appellant, v DELAFIELD 246 CORP., Respondent, et al., Appellants. [721 NYS2d 621] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered March 1, 2000, which, in an action by a homeowners' association against a successor sponsor to recover unpaid common charges, inter alia, denied plaintiff's

motion for summary judgment, unanimously modified, on the law, to grant plaintiff partial summary judgment on the issue of defendant's liability for nonpayment of common charges, and dismiss defendant's first, second, sixth, seventh, eighth, ninth, tenth and eleventh affirmative defenses, and its third counterclaim, and otherwise affirmed, without costs.

Defendant refuses to pay the common charges assessed against the 24 lots it owns in this 33-lot development, claiming that such charges were not properly authorized because plaintiff prevented it from exercising its right of one vote per lot owned, as provided in plaintiff's not-for-profit corporation declaration. There is no merit to this defense. At the time defendant purchased the 24 lots in 1991, only one class of membership existed, Class A, pursuant to plaintiff's declaration, incorporated by reference into its certificate and bylaws, since the development's first unit had already closed. Thus, defendant has always been a member of the same class as the other lot owners, entitled to only one vote by reason of the "one-person, one-vote" rule applicable to same-class members (N-PCL 611 [e]; *see, Roxrun Estates v Roxbury Run Vil. Assn.*, 136 AD2d 162, 166-167, *lv denied* 72 NY2d 808). Nor is there merit to defendant's dismissed affirmative defenses and counterclaim, challenging plaintiff's existence, standing, authority, decision to commence the instant lawsuit and the composition of its board, all refuted by the corporate documents on file, plaintiff's meeting minutes and the affidavits submitted. However, issues of fact do exist as to damages, including why the same common charge was assessed against defendant's largely unimproved lots as was assessed against the improved lots of the other lot owners (*see,* N-PCL 507 [b]; *Roxrun Estates v Roxbury Run Vil. Assn., supra,* at 167), whether defendant's lots received the same level of services as the other lot owners, and how plaintiff allocated charges and rentals collected. The record is also insufficient to determine defendant's claim that when it purchased its lots at foreclosure, it paid the back taxes of not only its own lots but also the lots of the other owners, entitling it to a setoff against any common charges it owes. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.