■ ELEANOR SPENCER, Respondent, v MICHAEL M. PETRONE et al., Appellants. [747 NYS2d 569]

On November 12, 1988, Prospect Lake Conservation, Inc. (hereinafter PLCA), was incorporated as a not-for-profit corporation for the purpose of maintaining and preserving Franz's Lake in the Town of Tuxedo, Orange County. Pursuant to the charter and bylaws dated November 12, 1988, and signed by all of the shareholders, there were 200 equally-held shares. Thus, the plaintiff, each defendant, and Elliot Ryerson each held 50 shares. In 1992 Elliot Ryerson sold his 50 shares to the plaintiff for $15,000. The entire transaction was kept secret from both of the defendants and was announced to them almost one year later at a meeting held in March 1993.

The last meeting of the corporation that the plaintiff attended was held on June 10, 1994. She refused to attend subsequent meetings although she was properly notified of their occurrence. In 1998 the plaintiff commenced this action to remove the defendants as directors and officers alleging, among other things, that she now owned 50% of the corporation's shares after acquiring Ryerson's shares, and, as such, the corporation was deadlocked and unable to function. The defendants counterclaimed, inter alia, for a judgment declaring that the transfer of the shares from Ryerson to the plaintiff was null and void.

A not-for-profit corporation, such as PLCA, is statutorily prohibited from issuing shares (*see* N-PCL 501, 502). Therefore, there were no shares for the plaintiff to acquire, and the purported sale has to be declared null and void. All members of PLCA retain equal voting rights. Accordingly, as a matter of law, the plaintiff could not increase her voting rights by acquiring Ryerson's shares, and each of the three remaining parties had an equal vote which could not result in a deadlock. Additionally, the plaintiff cannot have the defendants removed as officers and directors because she is not a majority shareholder.

In light of the foregoing, the defendants' remaining contentions need not be addressed. Feuerstein, J.P., Smith, H. Miller and Adams, JJ., concur.