■ In the Matter of GERALD O'DRISCOLL, JR., Appellant, v JOSEPH A. MORAN et al., Respondents. [787 NYS2d 226]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 15, 2003, which, to the extent appealed from, denied petitioner's motion for modification or vacatur of a prior order of the court and purported to dismiss the petition, unanimously reversed, on the law and the facts, without costs, the petition reinstated and granted to the extent of directing respondents to allow petitioner access to corporate books and records for the period prior to fiscal year 2000.

Petitioner, a 20% owner of Circle Line, a closely held New York corporation, seeks access to its corporate books and records. The record supports petitioner's contention that he had complied with a certain condition the court had previously imposed before it would allow petitioner access to any of the corporation's records for five years prior to the fiscal year 2000. Specifically, petitioner's accountant timely submitted two affidavits detailing the status of the records inspection and explaining the justification for the further request to inspect records prior to 2000. In any event, the corporation's bylaws provide for unfettered access to the treasurer's books and accounts without specifying any time restriction. Accordingly, the court improvidently exercised its discretion in denying petitioner's application to inspect the corporation's records prior to 2000 (see Model, Roland & Co. v Industrial Acoustics Co., Inc. 21 AD2d 70, 72 [1964], affd 16 NY2d 703 [1965] ["A by-law is a formal writing advisedly promulgated and should be interpreted as written"]; see also Procopio v Fisher, 83 AD2d 757, 758 [1981] [court is required to adjudicate members and corporation's rights according to unambiguous terms of corporation's bylaws]). Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.