OPINION OF THE COURT
Edward H. Lehner, J.
*1013 The sole legal issue raised on the motions before the court is whether the bylaw of the respondent corporation, formed under section 402 of the Not-For-Profit Corporation Law and article XI of the Private Housing Finance Law, providing for voting by “shares of membership interest” owned, is valid.
The corporation, 210 Forsyth Street Housing Development Fund Corporation, was organized in 1980 and acquired a deed to the property at that address from the City of New York upon payment of $1,300. While originally there were 13 units in the building, as a consequence of the combining of apartments, there are now only four fainilies who reside in the building, each on a floor containing approximately 1,500 square feet, with one family (petitioners Megna and Peticolas) occupying an additional unit on the ground floor containing approximately 300 square feet.
The original bylaws of the Corporation provided that each person who executes a proprietary lease for an apartment shall be entitled to a membership certificate (art III, § 3), but that a person owning more than one unit was entitled to only one certificate (art III, § 1), and that each certificate holder was entitled to one vote at membership meetings (art IV¡ § 8). Unless provided otherwise by statute or corporate bylaw, a two-thirds vote of members present is necessary to decide any question (art iy § 8). For the election of directors, only a majority vote was required (art V, § 3). In 1983, the bylaws were amended to provide that as long as there were 10 or less members, each member shall be deemed a member of the Board of Directors.
The Board was given the power to “fix the term and manner of payment of maintenance charges” (art V, § 11A). Apparently now each of the four families pays an equal share of the maintenance charges, except that the Megna-Peticolas family pays an extra $150 per month because of the additional space they occupy (tr at 15, 20).
At a meeting of members held on June 11, 2003, the bylaws were amended to provide that each of the four families who then occupied a floor of the building would receive a membership certificate which entitled them “to three Shares of Membership Interest in the Corporation and three votes, with respect to any issue to be voted upon by the Members.” In addition, the Megna-Peticolas family, due to the space occupied on the ground floor, was granted a second certificate which entitled them to one additional share and vote. Thus, *1014 under the revised bylaws, the two petitioner families had certificates entitling them to seven votes, while the certificates issued to the other two families in occupancy entitled them to a total of only six votes.*
It is asserted by respondents that notwithstanding that the bylaw provision for election of directors requires only a majority vote, at times in the past the election of directors has required a two-thirds vote. Apparently, as a consequence of various disputes among the members, no election of directors took place in 2004 or 2005. In 2006, a four member Board consisting of petitioners Thakur and Greene and respondents Talpers and McCord was elected.
Before the court is a motion by petitioners for an order directing that an annual meeting be held for the election of directors to be named by majority vote, and that it proceed in accordance with the provisions of the aforesaid amended bylaws. The respondent family has cross-moved for a declaration that the amended bylaws are violative of N-PCL 602 (f) and 611 (e), and that the meeting should proceed on a “one member — one vote” principle.
The parties do not dispute the need to conduct an annual meeting, and agree that the court should first issue a declaration as to the voting rights of the parties (tr at 6).
Discussion
Section 611 (e) of the N-PCL provides that at all meetings of members, each member “shall have no more than, nor less than, one vote.” In 1971, the legislature deleted the authority of a corporation to provide otherwise in its certificate of incorporation or bylaw (L 1971, ch 1058). Section 501 states that a corporation organized under the N-PCL “shall not have stock or shares or certificates for stock or for shares,” and section 602 (f) states that no bylaw may be “inconsistent with this chapter.”
Thus, in Spencer v Petrone (297 AD2d 730, 731 [2d Dept 2002]), where the not-for-profit corporation issued shares, the court held that since the corporation was statutorily prohibited *1015 from issuing shares, “there were no shares for the plaintiff to acquire, and the purported sale [of 50 shares to him] has to be declared null and void.” Consequently, notwithstanding the plaintiffs purported ownership of 50% of the Corporation’s shares, he was held to have had the same one vote as any other member.
In Delafield Estates Homeowners Assn. v Delafield 246 Corp. (280 AD2d 437 [1st Dept 2001]), the defendant, who owned 24 lots in a 33-lot development, claimed the right to one vote per lot as provided in the not-for-profit corporation’s declaration. In denying such claim, the court ruled that, since he was of the same class as the other lot owners, he was “entitled to only one vote by reason of the one-person, one-vote rule” (at 438 [internal quotation marks omitted]), citing N-PCL 611 (e). For similar reasons, in Procopio v Fisher (83 AD2d 757 [4th Dept 1981]), the court invalidated a corporate bylaw giving each member one vote for each lot owned. (Accord Roxrun Estates v Roxbury Run Vil. Assn., 136 AD2d 162 [3d Dept 1988], lv denied 72 NY2d 808 [1988].)
In light of the foregoing authorities, it is clear that sections 1 and 5 of the 2003 amendments to the bylaws are invalid as violative of N-PCL 611 (e), and it is therefore declared that they are of no force and effect. Thus, with respect to the Board, the bylaw previously in effect, which was adopted in 1983, is reinstated as the governing provision regarding elections to the Board. That provision mandates that when the Corporation has less than 10 members, all members of the Corporation are deemed to be members of the Board.
Petitioners have argued that the court should not follow the rulings of the aforesaid courts on the grounds that this is a residential cooperative, and suggested that equitable principles be applied to allow, based on the 2003 bylaw, the two petitioner families to have an additional vote due to the fact that one family occupies more space and pays more maintenance than any other family. However, the court finds that equity demands the opposite result. Here, four families occupy a building that has obviously increased significantly in value since acquired in 1980 and, except for 300 square feet on the ground floor, each occupies a similar amount of space. Thus, even if it were not required by the N-PCL, under these circumstances the most equitable result is that the families have equal voice in the operation of the building in which they reside.
*1016 The application by respondents that petitioners Megna and Peticolas be denied election to the Board, principally based on their prior activity with respect to a lawsuit commenced against the Corporation, is denied as totally lacking in merit.

 While the certificate of incorporation provides that the Corporation is “organized exclusively for the charitable purpose of developing a housing project for persons of low income,” that limitation only applied for 10 years. Thus, in 2005, petitioners Thakur and Greene paid $875,000 for their apartment on the fourth floor. Pursuant to the certificate of incorporation, approximately one half of that purchase price was paid to the Corporation.