CLEARVIEW GARDENS FIRST CORPORATION et al., Plaintiffs, v. HERMAN L. WEISMAN et al., Defendants.

Supreme Court, Trial Term, New York County, September 30, 1954.

*Simon H. Rifkind, Paul J. Newlon* and *Edward N. Costikyan* for defendants.

*Howard Henig, Leonard Weintraub* and *Samuel A. Goldberg* for plaintiffs.

STEUER, J. The motion is to strike the case from the jury calendar on the ground that it states causes of action, if any, in equity rather than in law. The complaint consists of thirty-four causes of action and occupies fifty-nine closely printed pages, and uses approximately 30,000 words. These statistics are not expressed as a criticism, on the contrary, the complaint is not unnecessarily verbose but they do illustrate the difficulty of a concise statement of the particular question on this motion.

There are six plaintiffs, all co-operative housing ventures. It is alleged on behalf of each of them that they were incorporated by certain of the individual defendants; that these defendants purchased land and formed other corporations (also defendants) which erected apartment houses with all the incidental operations necessary to bring this about. While these defendants had control of the plaintiffs they made leases of the land to the plaintiffs and also contracted with the plaintiffs for the erection of the buildings. It is alleged that the charges for building and the rents provided in the leases were grossly excessive. The complaint sets forth how the defendants were enabled to do this by taking advantage of the mortgage guarantee provisions of the Federal Housing Act, and also sets out facts from which it seeks to conclude that the contract prices were excessive.

There are also six causes of action in which the claim is made that while the defendants were in control of plaintiff corporations they filed joint tax returns which resulted in damage to each of the corporations.

The defendants are the individuals who conducted this operation, the corporations (other than plaintiffs) which were formed for this purpose, and various individuals who had contact with the transaction as attorneys, accountants or the like. Unfortunately all of the defendants are lumped without differentiation and the same relief requested against all of them.

It is conceded by all parties that the designation of the nature of the cause of action in the prayer for relief or elsewhere in the complaint is not controlling; instead it is the form of relief the facts stated entitle the plaintiff to, that determines whether the cause of action is in law or in equity. If the facts warrant

alternative forms of relief, that requested will be the determinative factor.

It is quite clear that the wrong plaintiffs complain of is that the defendants dealt with themselves to their own benefit and the consequent detriment of the plaintiffs. What is not so clear is whether the relief sought is the recovery back of the excessive costs and rentals paid or the amounts defendants were able to borrow on mortgage in excess of the true value of the buildings because of the inflated price of construction and the excessive rentals. A study of the amounts demanded gives no clue to the answer to this question.

The complaint apparently affirms all the agreements as the most conspicuous omission is a failure to ask to be relieved of the contracts. Nevertheless, the gravamen of the action is that the corporations were made to pay excess sums. The method by which this was done is alleged to be by defendants' obtaining control and dealing with themselves. By virtue of defendants' dual relationship it is alleged that they were fiduciaries. And it is the breach of their fiduciary duties that grounds the application for recovery. This is a claim cognizable in equity. Plaintiffs do not seriously dispute that this is so. What they claim is that it is also triable at law and that they have the option of the method. What is triable by law or in equity is purely a matter of historical development. This is not materially affected by subdivision 1 of section 425 of the Civil Practice Act, providing that there shall be a jury trial where the complaint demands judgment for a sum of money only. If the right to that sum is equitable only, or in other words, where the form of relief that would be granted by equity in the particular circumstances is a decree for the payment of money, the action remains equitable and is tried in the traditional manner of equity causes. (*Bell* v. *Merrifield,* 109 N. Y. 202.) The complaint here reveals a situation where the plaintiff corporations voluntarily entered into contracts, voluntarily assumed obligations and made voluntary payments. Recovery back of these moneys and relief in regard to these obligations could not be had at law. The alleged abuse of the fiduciary relationship which occasioned these payments was a matter for exclusive equity jurisdiction. The failure to ask for what would seem to be the adequate relief called for by the situation does not alter the case.

While plaintiffs here pointedly refused to say under what classification their causes of action are intended to fall, the implication is that they are for money had and received or in

some other unspecified branch of quasi contract. While possible examples beyond the scope indicated can be found in cases where the point was not litigated, money had and received was limited to instances where the defendant received money on behalf of plaintiff and neglected to remit it or received moneys from plaintiff, to disburse it on his behalf, and retained it. Quasi contract covers the situation where the defendant has been unjustly enriched at the expense of the plaintiff. But here the claimed unjust enrichment accrues exclusively through the breach of a fiduciary relationship for which the remedy is to require the fiduciary to account.

It may be that possibly one of the causes of action is sufficient at law. In the absence of specific claim to that effect and in view of the fact that the complaint generally embraces matters of exclusive equitable cognizance the motion to strike the case from the jury calendar and put it on the equity calendar is granted.