Memorandum : Order of the Appellate Division directing judgment for the plaintiff-respondent affirmed. Defendants-appellants are correct in their contention that the provisions of article VIII of the corporate by-laws are ineffective to the extent that they require a two-thirds majority shareholder *705 vote to amend certain of the by-laws — in particular the by-law which sets the number of directors on the board. The Business Corporation Law clearly provides that a simple majority vote of the shareholders is sufficient to amend the by-laws, unless the certificate of incorporation provides otherwise. (Business Corporation Law, §§ 601, 614, subd. [b]; § 616, subd. [a], par. [2].) The two-thirds majority vote provision here involved would have been valid Avere it placed in the certificate of incorporation, but as a by-law it is invalid. (See Matter of Faehndrich, 2 N Y 2d 468, 473, 474.)
However, the single question submitted under CPLR 3222 to the Appellate Division was whether or not a simple majority resolution of the stockholders, increasing the number of directors from four to five, Avas valid and effective. This question was correctly answered in the negative by that court. Subdivision (b) of section 702 of the Business Corporation Law provides that the shareholders may change the number of directors (1) by an amendment to the by-laws embodying the change, or (2) by a simple resolution, if there is a by-larv in effect which provides for the change by such a resolution. In either case the change is effected by means of a by-larv. Here the shareholders acted by resolution alone, and not under the provisions of a by-law. It is clear, therefore, that, even though a simple shareholder vote could have effected a change in the number of directors if such a by-law had been adopted authorizing such a vote, their naked resolution to do so cannot be enforced.