■ TRINITY COOPERATIVE APTS., INC., Appellant, v. J. S. BUILDING CORP. et al., Respondents, et al., Defendants.— In an action by a corporation formed to build, own and operate a co-operative apartment housing project for a judgment (1) directing defendants to account to plaintiff for the wrongful profits received by them; (2) adjudging that defendants are liable for the losses and damages suffered and to be suffered by plaintiff; (3) declaring that the rental provision of the lease between plaintiff, as tenant, and defendant Jayem Holding Corp., as landlord, is null and void; (4) determining the correct and proper rental to be paid by plaintiff under said lease or, in the alternative, adjudging certain of the defendants liable to plaintiff for the excess ground rental to be paid in the future and (5) adjudging such defendants liable to plaintiff for the excess ground rental previously paid, plaintiff appeals from an order of the Supreme Court, Westchester County, entered November 30, 1964, which, after a hearing on a reference to determine issues of fact, granted the motion of defendants J. S. Building Corp., Jayem Holding Corp., John A. Severino and Manlio S. Severino, made pursuant to CPLR 3211 (subd. [a], par. 5) to dismiss the complaint on the ground that the action is barred by the 6-year Statute of Limitations (former Civ. Prac. Act, § 48, subd. 8; CPLR 218). Order reversed, with $10 costs and disbursements; and motion denied, without costs. Respondents' time to answer is extended until 20 days after entry of the order hereon. Defendant J. S. Building Corp. was the construction corporation, defendant Jayem Holding Corp. was the owner of the land and defendants John A. Severino and Manlio S. Severino, an attorney, were in control of the corporate defendants. Said defendants were not officers, directors or stockholders of plaintiff. The action was one in equity (*Clearview Gardens First Corp.* v. *Weisman*, 206 Misc. 526, affd. 285 App. Div. 927) and the 10-year Statute of Limitations was applicable to this action against said defendants (former Civ. Prac. Act, § 53; CPLR 218; *Augstein* v. *Levey*, 3 A D 2d 595, affd. 4 N Y 2d 791; *Qualtere* v. *Passerini*, 11 A D 2d 875; *Gottfried* v. *Gottfried*, 269 App. Div. 413). In our opinion, the fact that the individual respondents may have controlled the persons who were nominally the officers and directors of plaintiff did not render the 6-year Statute of Limitations, provided for in subdivision 8 of section 48 of the former Civil Practice Act, applicable to them (see e.g., 1942 Report of N. Y. Law Rev. Comm., pp. 139–166). No contention is made that the issue, as to whether the 3-year Statute of Limitations, the 6-year statute or the 10-year statute is applicable, is not before us for review (also, see, *Rager* v. *McCloskey*, 305 N. Y. 75, 78; *Walker* v. *Gerli*, 257 App. Div. 249; CPLR 5501, subd. [a], par. 1). Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., concurs in the result with the following memorandum: In my opinion, the proof at the hearing clearly established that in 1962 defendant Manlio Severino, on behalf of himself and certain of his codefendants, including all respondents, agreed to accept service of the summons and complaint by mail in this action; that such service was made pursuant to that agreement; that, in reliance upon that agreement and the service made pursuant thereto, plaintiff made no attempt to effect personal service until 1964, when it became apparent that those defendants intended to repudiate their 1962 agreement to accept service by mail; and that, because of these facts, respondents are now estopped to assert the Statute of Limitations as a defense (*Erbe* v. *Lincoln Rochester Trust Co.*, 13 A D 2d 211; *Robinson* v. *City of New York*, 24 A D 2d 260). In view of my conclu-

sion that respondents are barred from asserting the Statute of Limitations as a defense, I have not reached the question whether the 6- or 10-year Statute would have been applicable. And if it were assumed *arguendo* that such defense was assertable, I believe it should not be decided on this record but should instead be left for determination by the trial court after a full development of the facts. Ughetta, Acting P. J., dissents and votes to affirm the order, with the following memorandum: In my opinion, the 6-year Statute of Limitations is applicable to this action for several reasons: (1) The gravamen of the complaint is for return of excessive payments pocketed by respondents. Therefore, the action is essentially one at law. (2) Stockholders' derivative actions against a present or former director, officer, or stockholder, if for an accounting or to procure judgment on the ground of fraud, are subject to the 6-year Statute of Limitations (former Civ. Prac. Act, § 48, subd. 8). The individual respondents were the owners of all the stock of the corporate respondents and completely controlled them; plaintiff's officers, directors and stockholders were "dummies" who acted in accordance with respondents' wishes; the "dummy" officers, director and stockholders of plaintiff were agents and nominees of respondents. Under these circumstances, respondents were in fact the directors, officers and stockholders of plaintiff within the meaning of subdivision 8 of section 48 of the former Civil Practice Act. (3) In any event, the 10-year Statute of Limitations would not apply here because an accounting is unnecessary in view of the fact that (a) there is no claim that respondents made profits on the corporate money they pocketed and (b) there is no claim that the gains received by respondents through breach of their fiduciary duties were greater than the correlated losses suffered by plaintiff (*Dunlop's Sons* v. *Spurr*, 285 N. Y. 333, 336).