■ In the Matter of RALPH VALLONE, JR., Respondent, v FIRST WOMEN'S BANK, Appellant, and SARAH S. KOVNER et al., Respondents. — Orders of the Supreme Court, New York County (Louis Kaplan, J.), entered on October 25, 1982, which denied the cross motion of respondent-appellant First Women's Bank to dismiss the petition and granted the application by petitioner for disclosure to the extent of permitting the deposition of, and production of documents by nonparty witness Evelyn Lehman, Esq., are reversed, on the law, petitioner's motion for disclosure is denied, and respondent bank's cross motion for an order dismissing the petition pursuant to CPLR 404 (subd [a]) is granted, without costs. Petitioner-respondent Ralph Vallone, Jr., who commenced this action as a special proceeding under section 6019 of the Banking Law, is a stockholder of the respondent-appellant, the First Women's Bank. He seeks an order which would set aside the last election of the bank's board of directors, prohibit those elected from acting as or claiming to be directors, and require that a new election be held. Thereafter, petitioner sought certain disclosure pursuant to CPLR 408, including the right to take the depositions of Thomas J. Carroll, Evelyn Lehman, and Louis Picciano and to inspect various documents relating to the election of the bank's board of directors. The bank cross-moved for an order denying the request for disclosure and dismissing the petition. Special Term denied the bank's motion to dismiss the petition and granted the petitioner permission to take the deposition of Evelyn Lehman, the bank's attorney, and to require that she produce the power of attorney of Louis Picciano. Special Term erred in not dismissing the petition and in permitting disclosure. The petitioner alleges that void and illegal proxies were voted and that the respondents (individual directors and appellant bank), selectively pursued those stockholders whose votes were known to be favorable to management, to submit their proxies. These allegations are based on a claimed conversation with Thomas J. Carroll, a former officer of the bank, who allegedly witnessed Evelyn J. Lehman, attorney for the bank, affix a signature to the proxy of Mr. Louis Picciano, a holder of about 8,000 shares. Additionally, petitioner alleges that in those instances where no response was received after mailing a proxy to the record address of a stockholder, and the true address was known, the respondents sent proxies only to those stockholders who it was believed would vote in favor of management. The election which petitioner seeks to vacate was conducted on March 31, 1982, during the bank's seventh annual stockholders' meeting. As a result of that election, each of the named individual respondents was elected a director of the bank. Petitioner Vallone was present during that meeting and participated actively in it. Section 6019 of the Banking Law's analog in the Business Corporation Law is 619. This section, identical to section 6019, has been interpreted as endowing "the court with broad equitable powers to direct a new election of directors where the election under review is 'so clouded with doubt or tainted with questionable circumstances that the standards of fair dealing require the court to order a new, clear and adequate expression of the security holders' will.' " (*Matter of Carter v Muscat,* 21 AD2d 543, 546.) Generally, failure to give notice in accord with the statute and corporate by-laws requires a new election even without a showing that the results of the election would, or might have, been different (*Matter of Goldfield Corp. v General Host Corp.,* 29 NY2d 264, 269). Subdivision 1 of section 6005 of the Banking Law and the bank's by-laws require that

such notice shall be mailed "to [each] stockholder at his address as it appears on the record of stockholders, or, if he shall have filed with the secretary of the corporation a written request that notices to him be mailed to some other address, then directed to him at such other address." In this case, however, there is no claim that the statutory notice was not sent to the record addresses of all the stockholders. The bank and its management are not precluded from soliciting proxies from *some* stockholders as long as *all* the stockholders have received the statutory notice. Since there is no claim of lack of statutory notice, or of misrepresentations made to all the stockholders, whether the "election under review is so clouded with doubt or tainted with questionable circumstances" necessarily involves inquiry into the actual voting pattern. At the meeting on March 31, 1982, only one slate of 10 nominees was presented to the stockholders as candidates for the 10 seats on the board. All 10 nominees were elected. A total of 268,158 shares of stock were represented at the meeting. Each of the 10 candidates received no more than 184,318 votes and no less than 173,640 votes. The by-laws provide that directors shall be elected by a plurality of the votes cast. No other slate or name was placed in nomination, by Mr. Vallone who participated actively in the meeting, or by any other stockholder. Even if a substantial number of proxies had been invalidated, their rejection would not have altered the result of the election; the same 10 candidates would, necessarily, have been elected by a plurality. The limited discovery obtained here by petitioner relates solely to 8,000 shares claimed to be improperly included in the vote. The record is clear that Mr. Picciano *desired Ms.* Lehman *to* vote his shares in support of the slate of candidates for the board. At best, petitioner might establish a technical error in allowing these shares to be voted. The discovery sought, but not granted by Special Term, would relate only to whether two owners of an indeterminate small number of shares were deliberately not actively solicited for proxies. As noted, this would not violate the requirements of law as long as all shareholders had been notified at their record addresses. Thus, even assuming petitioner obtained proof of his allegations by means of the deposition sought, it would not justify ordering a new election (*Matter of Goldfield Corp. v General Host Corp., supra*). Concur — Murphy, P. J., Ross, Asch and Kassal, JJ.