In the Matter of SALVATORE J. STILE, Respondent, v AUGUSTUS ANTICO et al., Appellants, et al., Respondents. [707 NYS2d 227] —In a proceeding, *inter alia,* pursuant to Business Corporation Law § 619 to declare certain amendments to the bylaws of the respondent corporation which were adopted at a purported meeting of the Board of Directors on April 6, 1998, to be null and void, and to declare the election of directors held at a shareholders meeting on April 17, 1998, to be null and void, Augustus Antico and Milton Heid appeal from an order of the Supreme Court, Queens County (Dye, J.), dated December 17, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

This proceeding arises out of an internal struggle over the control of the corporation, C-Air Custom House Brokers-Forwarders (hereinafter C-Air). C-Air was created in 1971 by its then sole shareholders and directors, the petitioner Salvatore Stile and the appellant Milton Heid. Subsequently, the appellant Augustus Antico became a one-third owner of C-Air, as well as its president. Stile commenced this proceeding after the appellants, purportedly in their capacities as directors and/or majority shareholders of C-Air, proceeded to amend certain

C-Air bylaws as to enable them to remove the petitioner from the Board of Directors.

It is well settled that a simple majority vote of shareholders is sufficient to amend corporate bylaws unless the certificate of incorporation provides otherwise (*see,* Business Corporation Law § 614 [b]; *Model, Roland & Co. v Industrial Acoustics Co.,* 16 NY2d 703). C-Air's certificate of incorporation did not contain a shareholder unanimity provision, and the Supreme Court incorrectly gave effect to the shareholder unanimity provision contained in C-Air's original bylaws.

Nevertheless, the actions taken by the appellants, purportedly in their capacities as directors, at the April 6, 1998, meeting, were invalid. This meeting was noticed as a special meeting of the Board of Directors, not of the shareholders. Pursuant to article III, section seven, of the bylaws, a quorum of two directors was necessary to transact corporate business. At the purported directors' meeting of April 6, 1998, the appellant Heid was the only director present. We reject the appellants' claim that Augustus Antico became a director by custom and usage (*see, Management Technologies v Morris,* 961 F Supp 640). Indeed, at a January 6, 1997, meeting of the Board of Directors of C-Air, the petitioner, Stile, objected to Antico's presence precisely because he was not a director. While Antico may have served as something of a de facto director whose acts may bind the corporation as to third parties, as between the de facto director and the corporation, a de facto director is not a director in law or fact (*see, Matter of Salnor Realty Corp.,* 16 Misc 2d 189). Accordingly, since Antico was not a director, there was no quorum of directors at the April 6, 1998, meeting, and the actions taken thereat were invalid.

Moreover, the action purportedly taken by the appellants at the April 17, 1998, shareholders meeting, including the election of themselves and their respective spouses as members of the new Board of Directors, was also invalid. The appellants could not amend the original bylaws at that meeting to provide for restructuring of the Board from two to four directors because the appellant Heid was the only director present. Likewise, the appellants were powerless to amend the bylaws at the April 17, 1998, shareholders meeting to eliminate the requirement that directors be chosen from among shareholders. Finally, even assuming that the appellants had the authority to act on April 6, 1998, the notice of the April 17, 1998, meeting failed to comply with the requirements of bylaw article XI (b), and, thus, the election of new directors at that meeting was invalid (*see, Matter of Vallone,* 92 AD2d 799).

The appellants' remaining contentions are without merit.
O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.