■ In the Matter of IGNATIE KASZIRER et al., Petitioners, and SUZANNE K. ROSEN, Appellant, v JOSEF KASZIRER et al., Respondents. (Action No. 1.) IGNATIE KASZIRER et al., Plaintiffs, v JOSEF KASZIRER et al., Respondents, et al., Defendants. (Action No. 2.) [730 NYS2d 87] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 7, 2000, which, insofar as appealed from, granted defendant former trustee's motion for summary judgment to the extent of dismissing as against him, as time barred, the sixth cause of action alleging negligence and breach of fiduciary duty, unanimously affirmed, without costs.

Appellant trust beneficiary is an aggrieved party with standing to appeal in that her interests are united with plaintiff beneficiaries and she was adversely affected by the order appealed from (CPLR 5511; *see, Auerbach v Bennett*, 47 NY2d 619, 627-629; *Matter of Farone*, 65 NY2d 764). On the merits, the Statute of Limitations for breach of fiduciary duty based on negligence is three years if monetary relief is sought, or six years if equitable relief is sought (*see, Yatter v William Morris Agency*, 256 AD2d 260, 261, citing, *inter alia, Loengard v Santa Fe Indus.*, 70 NY2d 262, 266). Here, the sixth cause of action alleges that defendant former trustee knew or should have known of his co-trustee's alleged conversion of trust assets and was negligent in not apprising plaintiffs thereof, and does not

allege fraud or breach of any particular provision of the trust agreement. Thus, the sixth cause of action was properly held to be subject to a three-year, not a six-year, limitations period. Nor does it avail appellant to argue that the running of this three-year period did not begin until defendant clearly repudiated his fiduciary obligations by rejecting plaintiffs' demand for an accounting, since the requirement of a clear repudiation applies only to claims seeking an accounting or other equitable relief (*e.g.*, *Matter of Barabash*, 31 NY2d 76; *Matter of Winne*, 232 AD2d 956). In any event, such a repudiation was accomplished by defendant's resignation as trustee and surrender of the trusteeship to a successor (*see*, *Matter of Carpenter*, 271 App Div 71, 79, *affd* 297 NY 498, citing, *inter alia*, *Spallholz v Sheldon*, 216 NY 205). We have considered appellant's other arguments and find them unavailing. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.