■ BOARD OF MANAGERS OF PARK REGENT CONDOMINIUM, Respondent, v PARK REGENT UNIT OWNERS ASSOCIATES, Also Known as PARK REGENT UNION OWNERS ASSOCIATION, et al., Defendants, and DAVID DOO, Appellant. [871 NYS2d 375]—

Known as Park Regent Union Owners Association, et al., Defendants, and David Doo, Appellant. [871 NYS2d 373]—

In an action, inter alia, for a judgment declaring that a purported annual meeting of the unit owners of a condominium held on June 26, 2006, is invalid and that the individual defendants were not elected to the condominium's board of managers on that date, the defendant David Doo appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered October 11, 2007, as, among other things, upon reargument, adhered to its original determination in an order entered June 8, 2007 granting the plaintiff's motion to direct the defendants' attorneys to execute an authorization for the transfer of a certain sum of money from an escrow account controlled by the attorneys for the plaintiffs and the defendants, (2) from an order and judgment (one paper) of the same court entered October 31, 2007, which, upon a decision dated August 27, 2007, granted the plaintiff's motion for summary judgment on the first, second, third, and fourth causes of action, denied the defendants' cross motion to disqualify the plaintiff's attorney, and, inter alia, declared that the purported annual meeting is invalid, (3) from an order of the same court entered November 2, 2007 which denied his motion to compel the plaintiff to comply with the condominium's bylaws, a stipulation dated August 23, 2006, and prior orders of the Supreme Court, and (4) from an order of the same court entered January 23, 2008, which denied his motion, in effect, for leave to reargue the defendants' motion to inspect the books and records of the condominium, which had been determined in an order of the same court dated August 27, 2007, and, in effect, for leave to reargue the defendants' cross motion to disqualify the plaintiff's attorney and his opposition to the plaintiff's motion for summary judgment on its first, second, third, and fourth causes of action.

Ordered that the appeal from so much of the order entered October 11, 2007, as, upon reargument, adhered to the original determination in the order entered June 8, 2007 granting the plaintiff's motion to direct the defendants' attorneys to execute an authorization for the transfer of a certain sum of money from an escrow account controlled by the attorneys for the plaintiffs and the defendants, is dismissed as academic; and it is further,

Ordered that the appeal from the order entered January 23,

2008 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered October 11, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that the order and judgment entered October 31, 2007 is affirmed; and it is further,

Ordered that the order entered November 2, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This action concerns a dispute among unit owners over the control of the board of managers of a mixed-use condominium complex. In April 2006 the board of managers in place at that time (hereinafter the plaintiff) notified certain unit owners that an annual meeting of the unit owners to elect a new board of managers was scheduled to take place on June 26, 2006. No official notice was ever sent out to all of the unit owners, however, and on June 20, 2006 the plaintiff announced that the annual meeting would be postponed because of a dispute concerning the voting rights of the professional and commercial unit owners. Nevertheless, certain owners participated in a meeting on June 26, 2006 and purported to elect the individual defendants as members of a new board of managers. The plaintiff then commenced this action, inter alia, for a judgment declaring that the purported annual meeting occurring on June 26, 2006, is invalid and that the individual defendants were not elected to the condominium's board of managers on that date.

The Supreme Court properly granted the plaintiff's motion for summary judgment on its first, second, third, and fourth causes of action declaring, inter alia, that the meeting held on June 26, 2006 was invalid and that the individual defendants were not duly elected to the condominium's board of managers on that date, and for a permanent injunction preventing the individual defendants from acting as members of the board of managers. The plaintiff made a prima facie showing that the notice of the purported annual meeting did not comply with the condominium's bylaws (see Matter of Goldfield Corp. v General Host Corp., 29 NY2d 264, 269 [1971]; Matter of Stile v Antico, 272 AD2d 403, 404 [2000]). In opposition, the defendants failed to raise a triable issue of fact or to offer any evidentiary basis to suggest that discovery may lead to relevant evidence (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805 [2007]; Lambert v Bracco, 18 AD3d 619, 620 [2005]).

The defendants failed to establish any ground to disqualify

the plaintiff's attorney; thus, the Supreme Court properly denied the defendants' cross motion (see *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443 [1987]).

The Supreme Court properly denied the motion of the defendant David Doo (hereinafter the appellant) to compel the plaintiff to comply with the condominium's bylaws, the stipulation dated August 23, 2006, and prior orders of the Supreme Court. The prior orders of the Supreme Court have been superseded, and, since the appellant asserted no counterclaims based on the plaintiff's alleged failure to comply with the condominium's bylaws, there is no jurisdictional predicate for granting the appellant the relief he requests (see *Seebaugh v Borruso,* 220 AD2d 573 [1995]).

The appeal from so much of the order entered October 11, 2007 as, upon reargument, adhered to the original determination granting the plaintiff's motion to direct the defendants' attorneys to execute an authorization for the transfer of a certain sum of money from an escrow account controlled by the attorneys for the plaintiffs and the defendants must be dismissed as academic. The escrow account, created pursuant to a so-ordered stipulation so that the condominium could operate during the pendency of the plaintiff's preliminary injunction motion, was terminated after the plaintiff's motion for a preliminary injunction was granted.

The appellant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.