SUMMARY ORDER
Plaintiffs-appellants Laurence Ciccone and Christine Ciccone appeal from a January 8, 2008 Decision and Order of the Hon. Victor Marrero, United States District Judge for the Southern District of New York, and the Judgment entered thereon, granting defendants-appellees’ motions for summary judgment and dismissing the Ciccones’ amended complaint, which asserted a claim of breach of fiduciary duty. Ciccone v. Hersh, 530 F.Supp.2d 574 (S.D.N.Y.2008). We assume the parties’ familiarity with the facts, procedural background, and specification of issues on appeal.
Upon review, we conclude that the district court did not err in granting summary judgment. In doing so, we make two disputable concessions for the purposes of this appeal. First, that the Cic-cones have raised a genuine issue of fact as to whether their broker/financial advisor, Mitchell Hersh, owed them a fiduciary duty, notwithstanding the nondiscretionary nature of their investments. See de Kwiatkowski v. Bear, Stearns & Co., Inc., 306 F.3d 1293, 1308 (2d Cir.2002) (noting that the law may impose an ongoing duty on broker in nondiscretionary account in certain “transformative ‘special circumstances,’ ” including where there is “a closer than arms-length relationship with the broker”).[1] Second, that the cause of action did not begin to accrue until Hersh “openly repudiated his ... obligation or the relationship ... otherwise terminated.” Golden Pacific Bancorp v. F.D.I.C., 273 F.3d 509, 518 (2d Cir.2001) (quotation marks omitted). But see Kaszirer v. Kaszirer, 286 A.D.2d 598, 730 N.Y.S.2d 87, 88 (1st Dep’t 2001) (“Nor does it avail appellant to argue that the running of this three-year period did not begin until defendant clearly repudiated his fiduciary obligations by rejecting plaintiffs’ demand for an accounting, since the requirement of a clear repudiation applies only to claims seeking an accounting or other equitable relief.” (citations omitted)).[2]
*50 Even accepting the above as true, however, summary judgment was properly granted because unfortunately for the Ciccones, their complaint, dated January 27, 2006, was brought too late. The statute of limitations for a breach of fiduciary duty action seeking monetary damages is three years. See Bouley v. Bouley, 19 A.D.3d 1049, 797 N.Y.S.2d 221, 223 (4th Dep’t 2005). In view of the above appeal-specific-concessions, the limitations period for the Ciccones’ claim began to run either at the point the closer than arms-length relationship with Hersh ended, see de Kwiatkowski, 306 F.3d at 1308, and/or, at the point at which there are no “clear indicia of an ongoing continuous, developing, and dependent relationship” between Hersh and the Ciccones, Aaron v. Roemer, Wallens & Mineaux, LLP, 272 A.D.2d 752, 707 N.Y.S.2d 711, 714 (3d Dep’t 2000) (quotation marks and citation omitted).
The Ciccones have not raised a genuine issue of fact that either or both relationships continued beyond the end of 2002. We arrive at that conclusion for substantially the reasons stated by the district court, see Ciccone, 530 F.Supp.2d at 579-80, but emphasize the following two points: (1)Mr. Ciccone testified that the Ciccones lost faith in Hersh towards the end of 2002; and (2) the Ciccones stated that they did not communicate with Hersh since in or about January or February 2002.
We, therefore, affirm the judgment of the district court.

. We note that this “special circumstance” is not clearly alleged in the Ciccones' amended complaint. Further, the amended complaint does not suggest that any of the other “special circumstances” described in de Kwiatkowski apply. See 306 F.3d at 1308.

. We further accept, as the Ciccones contend, that New York law governs the claimed *50 breach of fiduciary duty. In doing so, we note that in asserting that New Jersey law dictates that the Ciccones’ claim fails, New England cites to an unpublished opinion, Estate of Pan v. Buontempo Insurance Services, 2006 WL 2620504 (N.J.Super.Ct.App.Div. Sept.8, 2006), which under Rule 1:36-3 of the New Jersey Rules of Court does not "constitute precedent or [is not] binding upon any court.”