In re GENERAL VISION SERVICES,
INC., Debtor.

Ned Steinfeld, as Representative of the
Estate of General Vision Services,
Plaintiff–Appellant,

v.

Richard A. Eisner & Company, LLC,
Ralph Balsamo, and Shelby Gold-
grab, Defendants–Appellees.

No. 06 CV 5992(GBD).

United States District Court,
S.D. New York.

Feb. 3, 2010.

## MEMORANDUM DECISION AND ORDER

GEORGE B. DANIELS, District Judge.

Appellant Ned Steinfeld, as representative of the Estate of General Vision Services ("GVS"), is appealing two orders of the Bankruptcy Court: (1) an Order, dated March 13, 2006, granting appellees' summary judgment motion dismissing the complaint as time-barred; and (2) an Order, dated June 12, 2006, denying appellant's motion to reargue the summary judgment motion. The Bankruptcy Court held that appellant's claims for negligence and breach of fiduciary duty were untimely under N.Y. C.P.L.R. ("CPLR") 214(4), which is the three-year statute of limitations applicable to claims seeking damages for injuries to property. Appellant argues that, since appellees are being sued in their capacity as *de facto* directors of the debtor-corporation, the Bankruptcy Court erred by not applying the six-year statute of limitations, under CPLR 213(7), governing derivative actions against a corporate director.

Several bondholders filed an involuntary petition for relief under Chapter 11 against GVS, and subsequently moved for the appointment of an interim trustee. That motion and the involuntary petition were resolved through a stipulation of the parties, that was so-ordered by the Bankruptcy

Court on September 10, 1999 (the "Management Order"). As stipulated, the motion for the appointment of a trustee was withdrawn, and a "Management Committee" was created to manage and review the operations of GVS until a plan of reorganization was confirmed and became effective, or upon further order of the Bankruptcy Court. The named members of the Management Committee were GVS's Chief Executive Officer ("CEO"), and appellees Shelby Goldgrab and Ralph Balsamo. Mr. Balsamo, was a member of appellee Richard E, Eisner & Company, LLC ("Eisner"), an accounting firm. Although the Management Order did not specifically designate Eisner as a committee member, the Bankruptcy Court explained that "there is evidence that the parties intended Eisner to be the member of the management committee, and Balsamo to act as Eisner's representative on it." *In re General Vision Servs., Inc.*, 2006 WL 687162, at *1 n. 3 (Bkrtcy.S.D.N.Y. Mar.13, 2006).

Pursuant to the Management Order, the CEO was to continue in that role and manage the day-to-day operations of GVS, provided that a majority vote of committee members was required before any business decision or transaction outside the ordinary course of business could be effectuated. The Order authorized Mr. Balsamo to review all of GVS's receipts and disbursements and review the current operations of GVS, including its business plans, systems, budgets and cash flow. All checks, wire transfers and cash payments in excess of five hundred dollars could not be issued by GVS without obtaining Mr. Balsamo's approval and, if he did not approve, the Management Order provided certain mechanisms to override his denial. The Management Order further provided that the Management Committee was to immediately begin a search for a new chief financial officer and new chief operating officer for GVS.

On March 13, 2001, the bankruptcy action was converted from a chapter 11 to a chapter 7 action. The United States Trustee's Office appointed an interim trustee of the GVS estate, who subsequently became a permanent trustee by operation of law. On March 30, 2005, the Bankruptcy Court granted the trustee's motion allowing appellant to pursue possible claims held by GVS against appellees, with the estate to be entitled to a percentage of any net proceeds recovered. The instant adversary proceeding was instituted on May 20, 2005, against Ralph Balsamo, Shelby Goldgrab and Eisner. The complaint alleges that appellees failed to fulfill the responsibilities imposed upon them by the Management Order, thereby "rendering the Debtor administratively insolvent." (Compl. ¶ 17). Two causes of action were pled, one sounding in negligence and the other for breach of fiduciary duty. The first claim alleges appellees "were negligent in the duties to monitor the Debtor Board of Directors." (*Id.* ¶ 25). The second claim alleges that appellees "did not fulfill their fiduciary duties on the management committee." (*Id.* ¶ 30). As a result of appellees' purported failings, the debtor-corporation allegedly suffered five million dollars in damages.

The parties stipulated that appellant's claims arose no later than March 13, 2001, approximately four years before the commencement of this adversary proceeding. Appellees moved for summary judgment on the grounds that the action was barred by the general three-year statute of limitations, set forth in CPLR 214(4), applicable to claims for damages based on injuries to property. Appellant opposed the motion arguing that the causes of action were governed by CPLR 213(7), the six-year statute of limitations applicable to claims for damages against present or former shareholders, officers and directors. Ap-

pellant argued that, by virtue of the powers conferred by the Management Order, appellees were the *de facto* directors of GVS and, as such, fall within the scope of CPLR 213(7).

The Bankruptcy Court, focusing on the plain language of § 213(7), found that the statute only applied to actual officers and directors (*i.e., de jure* directors), and not to *de facto* officers and directors. The Bankruptcy Court held that appellant's claims were governed by the general three year statute of limitations under CPLR 214(4). Accordingly, appellant's claims were time-barred.

Appellant moved for reargument and, in support thereof, argued for the first time, that: (1) appellants were the actual directors of GVS, as the term "director" is defined in New York Business Corporation Law; and (2) this action was governed by the six-year statute of limitations, set forth in CPLR 213(1), for "actions for which no limitation is specifically prescribed by law." The Bankruptcy Court denied the reargument motion. It found that appellant failed to make the requisite showing that the court overlooked any legal or factual matter of import, or that reargument was necessary because of clear error or manifest injustice. The Bankruptcy Court found that appellant's new arguments, having not previously been raised, had not been overlooked by the court, and were, in any event, lacking substantive merit.

■ Appellant appeals the original order of the Bankruptcy Court granting appellees' motion for summary judgment, and the court's subsequent order denying appellant's reargument motion. On appeal, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed.R.Bank.P. 8013. This Court "review[s] the Bankruptcy Court's findings of

fact for clear error [and] its conclusions of law *de novo* [.]" *In re Bayshore Wire Prods. Corp.,* 209 F.3d 100, 103 (2d Cir. 2000) (internal citations omitted); *see also,* Fed.R.Bank.P. 8013. The bankruptcy court's decision to deny reargument is reviewed for abuse of discretion. *See, In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir. 2003).

■ Under New York law, claims premised on a breach of fiduciary duty are not governed by a single statute of limitations period. Generally, the substantive remedy sought is determinative of the applicable limitations period. *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 879 N.Y.S.2d 355, 907 N.E.2d 268, 272 (2009). Where solely equitable relief is sought, the claims are governed by the six-year limitations period set forth in CPLR 213(1). *Id.; Cooper v. Parsky,* 140 F.3d 433, 440–41 (2d Cir.1998). "Where the remedy sought is purely monetary in nature," the action is generally deemed to be one "alleging 'injury to property' within the meaning of CPLR 214(4), which has a three-year limitations period." *IDT Corp.,* 879 N.Y.S.2d 355, 907 N.E.2d at 272; *see also, Ciccone v. Hersh,* 320 Fed.Appx. 48, 50 (2d Cir. April 7, 2009); *Cooper,* 140 F.3d at 440–41. However, claims seeking damages for breach of fiduciary duty may be subject to the six-year limitations period, under CPLR 213(7), where they are asserted in an action by or on behalf of a corporation against a present or former director, officer or stockholder to recover damages for corporate waste or for an injury to property.

■ The Bankruptcy Court found that the term "director," for purposes of CPLR 213(7), did not include *de facto* directors. Appellant argues that the definition of "director" is not as limited as the Bankruptcy Court determined. He argues that the

Bankruptcy Court erred by not adopting the broad definition of "director" set forth in the New York Business Corporation Law ("BCL"). Section 102 of the BCL provides that, "[a]s *used in this chapter*, .... the term ... 'Director' means any member of the governing board of a corporation, whether designated as director, trustee, manager, governor, or by any other title." N.Y.B.C.L. § 102(a)(5) (emphasis added). By its express terms, that statutory definition of "director" is only to be applied in the context of that chapter of the BCL. In light of this explicit restriction, the Bankruptcy Court did not err in not defining the term "director," as used in CPLR 213(7), as broadly as the BCL's definitional section. *See generally, Matter of Keane (Bethlehem Steel Co.)*, 2 A.D.2d 148, 153 N.Y.S.2d 290, 294 (N.Y.App.Div. 1956) ("It seems clear that the definition prescribed by a statute for words used in that particular statute does not necessarily govern the construction of those same words ... as they may appear in other acts[.]"), *aff'd* 6 N.Y.2d 910, 190 N.Y.S.2d 714, 161 N.E.2d 17 (1959).

Appellant further argues that, since New York law does not itself distinguish between *de facto* and *de jure* directors for purposes of liability by or against the corporation, there was no legal justification for the Bankruptcy Court to distinguish between *de facto* and *de jure* directors when applying the relevant statute of limitations. Notwithstanding appellant's contention to the contrary, an important distinction exists between *de jure* and *de facto* directors under New York law.

■ The *de facto* doctrine is a legal fiction invoked to protect the interests of third parties who have relied, in good faith, upon the acts of the *de facto* officer. *In re George Ringler & Co.*, 204 N.Y. 30, 97 N.E. 593, 598 (1912) (quotation marks and citation omitted). It is not intended to benefit the corporate officer, who is presumed to know whether he has been legally appointed or elected. *Id.* Where the public or innocent third parties are concerned, the acts of the *de facto* director are as valid and binding as the acts of *de jure* directors. *See, Id.* at 598–99; *Stile v. Antico*, 272 A.D.2d 403, 707 N.Y.S.2d 227, 228 (N.Y.App.Div.2000) (*citing Matter of Salnor Realty Corp.*, 16 Misc.2d 189, 183 N.Y.S.2d 879 (N.Y.Sup.1959)). One's status as a *de facto* officer is limited to the public and third persons interested in his acts, and beyond that he is a "mere usurper" whose acts are invalid. *George Ringler*, 97 N.E. at 598 (internal quotation marks and citation omitted). In his relationship with the corporation itself, "a *de facto* director in not a director in law or in fact." *Stile*, 707 N.Y.S.2d at 228 (*citing Salnor Realty*, 183 N.Y.S.2d 879). Since appellant's claim is a derivative action asserted on behalf of GVS, appellees cannot be sued in their capacity as corporate directors, when they were never actual officers or directors of GVS.

■ Notably, the complaint does not allege that, by virtue of the Management Order, appellees became directors of GVS. Nor does it allege that the acts or omissions complained of were committed by appellees in their capacity as GVS corporate directors. Rather, the complaint alleges that appellees breached their fiduciary duties by "fail[ing] to oversee the actions of the Debtor'[s] Board of Directors" and "were negligent in the duties to monitor the Debtor['s] Board of Directors." (Compl. ¶¶ 24, 25). The six-year statute of limitations governing derivative actions against directors, under § 213(7), does not extend to actions against individuals or entities responsible for overseeing the board of directors, but who were not themselves directors. *See, Trinity Co-op. Apts. Inc. v. J.S. Bldg.*

*Corp.*, 25 A.D.2d 891, 270 N.Y.S.2d 644 (N.Y.App.Div.1966) (Finding that CPLR 213(7)'s predecessor statute was inapplicable in action brought by corporation against individuals who controlled it's officers and directors, but were not officers, directors or shareholders of plaintiff).

 Appellant also moved to reargue on the additional basis that actions by a corporation against a fiduciary who was not an officer, director or shareholder of the corporation are subject to the six-year statute of limitations, set forth in CPLR 213(1), since they are "actions for which no limitation is specifically prescribed by law." Claims seeking monetary damages for breach of fiduciary duty, including ones based on negligence, are governed by the prescribed three-year statute of limitations set forth in CPLR 214(4). *Ciccone v. Hersh*, 320 Fed.Appx. at 50; *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 854 N.Y.S.2d 115, 117 (N.Y.App.Div.2008); *Kaszirer v. Kaszirer*, 286 A.D.2d 598, 730 N.Y.S.2d 87, 88 (N.Y.App.Div.2001). Since a statutory limitation period exists for the causes of action pled by appellant, § 213(1) is also inapplicable.

The Bankruptcy Court correctly granted appellees' motion for summary judgment on the grounds that the claims were time-barred under the three-year statute of limitations of CPLR 214(4). CPLR 213 is totally inapplicable. The Bankruptcy Court's denial of appellant's motion to reargue was not an abuse of discretion. The Orders appealed from are hereby affirmed. The appeal dismissed. The Clerk of the Court is directed to close this case.

SO ORDERED.