In an action, inter alia, to compel an election of the board of directors of the defendant Elmwood Park Homeowners Association, Inc., to be conducted in accordance with articles VII and VIII of its bylaws, the defendants appeal (1) from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 17, 2011, which granted that branch of the plaintiffs’ motion which was, in effect, for summary judgment compelling the rescheduling of an election meeting to be conducted in accordance with articles VII and VIII of the bylaws of the Elmwood Park Homeowners Association, Inc., and (2), as limited by their brief, from so much of an order of the same court dated June 29, 2011, as upon, in effect, granting reargument, adhered to the original determination granting the plaintiffs’ motion, in effect, for summary judgment, and denied their motion for summary judgment, inter alia, dismissing the complaint.
Ordered that the appeal from the order dated February 17, 2011, is dismissed, as that order was superseded by the order dated June 29, 2011, made, in effect, upon reargument; and it is further,
Ordered that the order dated June 29, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
Upon, in effect, granting reargument, the Supreme Court *1010 properly adhered to its determination granting that branch of the plaintiffs’ motion which was, in effect, for summary judgment compelling the rescheduling of an election meeting to be conducted in accordance with articles VII and VIII of the bylaws of the Elmwood Park Homeowners Association, Inc. (hereinafter the EPHOA).
The plaintiffs established their prima facie entitlement to judgment as a matter of law by showing that the EPHOA bylaws were never properly amended to change the procedure for electing its board of directors. Bylaws cannot be amended to effect a change in the composition of the board of directors without complying with the requirements established by those bylaws (see Model, Roland & Co. v Industrial Acoustics Co., 16 NY2d 703 [1965]; Matter of Stile v Antico, 272 AD2d 403 [2000]). As the bylaws are clear, they must be followed unless properly amended (see Murphy v State of New York, 14 AD3d 127, 133 [2004]).
In opposition, the EPHOA and the defendant Staten Island Condo Management Corp. failed to raise a triable issue of fact as to whether the bylaws were properly amended pursuant to the article XIII requirement of a three-fourths majority vote of each class of membership at a duly called meeting of EPHOA members. The custom and practice of the EPHOA hoard is not sufficient to override the bylaws (see Matter of Stile v Antico, 272 AD2d at 403).
The appellants’ remaining contentions are either not properly before this Court or without merit. Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.