Harris v Harris (2022 NY Slip Op 01269)





Harris v Harris


2022 NY Slip Op 01269


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 23875/18E Appeal No. 15404 Case No. 2020-03593 

[*1]Tamara M. Harris, as Executor of the Estate of Steven Harris, Plaintiff-Appellant,
v
Bernice L. Harris et al., Defendants-Respondents.


Tamara M. Harris, New York, appellant pro se.
Fleischman Bonner & Rocco LLP, White Plains (Keith M. Fleischman of counsel), for Bernice L. Harris, respondent.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains (Elizabeth M. Hecht of counsel), for Allison Harris Schifini, respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about July 8, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
We find, as an initial matter, that plaintiff has standing to appeal, notwithstanding that she is no longer the personal representative of the estate, because she was aggrieved by the order in her capacity as a beneficiary of the estate (see CPLR 5511; Matter of Kaszirer v Kaszirer, 286 AD2d 598, 598 [1st Dept 2001]; Matter of Farone, 101 AD2d 986, 987-988 [3d Dept 1984], revd on other grounds by 65 NY2d 764 [1985]).
The complaint did not purport to state a claim for breach of fiduciary duty, and plaintiff's attempt to raise one on appeal was improper (see Commissiong v State of N.Y. Div. of Hous. & Community Renewal, 197 AD3d 1031, 1032 [1st Dept 2021]). The conversion and unjust enrichment claims were correctly dismissed on the basis of a prior turnover proceeding in Surrogate's Court. Plaintiff's objections to defendant's evidence establishing the existence of the prior proceeding are not considered because they were raised for the first time on appeal. The wrongful death claim was correctly dismissed for failure to sufficiently allege that defendants' purported misconduct caused the decedent's death. The claim also fails to sufficiently allege bad faith so as to remove defendants' conduct from the protection of Public Health Law § 2986(2). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022