■ LE ROY NEIMAN, Appellant, v FELICIE, INC., et al., Respondents, and LeRoy NEIMAN, INC., et al., Appellants.—Order, Supreme Court, New York County, entered June 29, 1976, which denied the motion by plaintiff and the additional defendants to strike the third and fourth claims for affirmative relief contained in the amended answer of defendants Felicie, Inc., and Felicie Schumsky, unanimously reversed, on the law, with $60 costs and disbursements to appellants, and the motion granted with leave to said defendants to replead the fourth claim. Defendants Felicie, Inc., and Felicie Schumsky served an amended answer, which in addition to the first two counterclaims and cross claims asserted in the original answer, contains allegations denominated "a third cross-claim against the added defendants" and "a fourth counterclaim against the plaintiff and a fourth cross-claim against all of the added defendants." With respect to the third claim for affirmative relief, it is clear that it has been improperly interposed in this action. Perusal of the claim discloses that it is not embraceable within the statutory provisions governing counterclaims, cross claims and third-party practice (CPLR 601, 1007, 3019). This claim does not assert any liability on plaintiff's part, does not assert liability against an originally named defendant and does not purport to allege that the additional defendants are liable for any part of the plaintiff's claim against Felicie, Inc., and Felicie Schumsky. Although this claim is not properly interposable in this action, it might well be the subject of a separate action. The fourth claim for affirmative relief alluded to above, alleges that the various parties conspired to deprive defendants of their property rights. This claim fails to state a cause of action because it does not sufficiently specify the details of the fraudulent acts practiced pursuant to the conspiracy as required by CPLR 3016 (subd [b]) and 3013. Defendants assert, however, that this fourth claim is not for fraud but sounds in unfair competition and injurious falsehood. Even so, CPLR 3016 requires particularity of pleading in actions sounding in fraud. "The justification for the required particularity is that in this class of cases, the morality of, or the subjective intent underlying, a party's conduct is called into question and sufficient factual detail should be given at the outset to enable the other parties to prepare to meet the pleader's contentions" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.04). The fourth claim does not contain any detail but simply asserts conclusory statements that advertisements were placed and representations were made concerning certain works of art created by plaintiff. Why these representations were false and what the true facts were are not indicated. Accordingly, the fourth claim is dismissed for failure to state a cause of action with leave to replead. Concur—Lupiano, J. P., Capozzoli, Lane, Nunez and Lynch, JJ.