(February 19, 2004)

■ CARLINGFORD CENTER POINT ASSOCIATES et al., Appellants, v MR REALTY ASSOCIATES, L.P., et al., Respondents. [772 NYS2d 273]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 28, 2002, which, to the extent appealed from as limited by the brief, granted defendants' motion to dismiss to the extent of dismissing as time-barred plaintiffs' breach of fiduciary claims against defendants, MR Realty Associates, L.P. and Kenneth H. Simpson, and plaintiffs' breach of contract claim arising out of the 1992 Management Agreement, unanimously modified, on the law, to deny the motion with respect to plaintiffs' breach of fiduciary claims premised on the 2001 Settlement Agreement, and to reinstate those claims, and otherwise affirmed, without costs.

A breach of fiduciary duty claim is governed by either a three-year or six-year limitation period, depending on the nature of

the relief sought (*see Yatter v William Morris Agency*, 256 AD2d 260, 261 [1998]). The shorter time period applies where monetary relief is sought, the longer where the relief sought is equitable in nature (*see Matter of Kaszirer v Kaszirer*, 286 AD2d 598 [2001]). Since plaintiffs primarily seek damages, and pursue an accounting merely to determine the amount of such damages (*see Lex Tenants Corp. v Gramercy N. Assoc.*, 284 AD2d 278 [2001]), the motion court properly applied the shorter, three-year limitations period, which bars plaintiffs' breach of fiduciary duty claims arising before 1998. The court, however, erroneously dismissed as time-barred plaintiffs' breach of fiduciary claims premised on the 2001 Settlement Agreement between defendants and one of their affiliates, the complained-of conduct having fallen well within the statutory period.

The motion court properly dismissed plaintiffs' breach of contract claim arising out of the 1992 Management Agreement as barred by the applicable six-year statute of limitations. Plaintiffs' assertion that the Agreement, although dated January 1, 1992, may not have been executed until years afterward, is purely speculative and inconsistent with the complaint, which alleges that the 1992 Management Agreement was entered into on January 1, 1992. Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.