■ CERBERUS INTERNATIONAL, LTD., et al., Appellants, v BANC-TEC, INC., et al., Respondents. [791 NYS2d 28]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 12, 2004, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 12, 2004, which, inter alia, granted summary judgment to defendants, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, holders of defendant issuer's senior notes and third-party beneficiaries of the issuer's subordinated note held by defendant junior note holders, claim that the issuer's partial liquidation of the subordinated indebtedness breached the following clause of the subordinated note: "If any payment . . . shall be received by any holders of the [Subordinated] Notes in contravention of any of the terms hereof *or* before all of the Senior Indebtedness obligations have been indefeasibly paid in full in cash . . . , such payment . . . shall be received ·in trust for the benefit of, and shall be paid over . . . to, the holders of the Senior Indebtedness . . . to the extent necessary to pay all such Senior Indebtedness in full in cash" (emphasis added). The IAS court correctly found that the word "or" is a scrivener's error, and that the parties either did not intend to include it or intended the word "and" instead. Reading the word "or" out of the clause, the IAS court correctly construed it to mean that the senior note holders would have a trust remedy against the junior note holders only if the latter received a payment "in contravention of any of the terms" of the subordinated note, and that the phrase "before all of the Senior Indebtedness obligations have been indefeasibly paid in full in cash" merely clarifies what is

implicit, namely, that in no event could the senior note holders have a trust remedy against the junior note holders if the former have already been paid in full. To read "or" literally as a disjunctive, as the senior note holders do, would mean that no payments of any kind could be made to the junior note holders, even those expressly permitted by the subordinated note, such as the prepayment of principal made here, or expressly required, such as periodic payment of interest. Such would render parts of the subordinated note meaningless or without effect, and thus warrants a reading of the clause that deletes the word "or" (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547-548 [1995]; *see also Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]). The senior note holders attempt to reconcile the inconsistencies created by the word "or" by arguing that the subject clause merely gives them discretion to object to some payments and permit others. We reject this as commercially unfair and unreasonable (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438 [1994]). It would place the junior note holders at the mercy of the senior note holders by giving the latter the power to demand payment from the former of the full par value of the senior notes, which were bought at discount, years before they mature, based on a quarterly payment of interest to the junior note holders, or any other payment to them required or permitted under the subordinated note.

The senior note holders' other causes of action are also without merit. Their unjust enrichment claim was properly dismissed as based on events that arose out of the same subject matter as the subordinated note (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]), and it does not avail the senior note holders that the meaning of the subordinated note is in dispute (*see Tradewinds Fin. Corp. v Refco Sec.*, 5 AD3d 229, 230 [2004]). The claim for breach of the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the contract claim (*see Empire State Bldg. Assoc. v Trump*, 247 AD2d 214 [1998], *lv dismissed in part and denied in part* 92 NY2d 885 [1998]). In addition, the obligation that the senior note holders would imply is inconsistent with other, express terms of the contract (*see SNS Bank v Citibank*, 7 AD3d 352, 354-355 [2004]). The claim under Debtor and Creditor Law § 276 fails to adduce evidence of deception actually intended to frustrate the senior note holders' rights (*see 210 E. 86th St. Corp. v Delgado*, 186 AD2d 430, 431 [1992]). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.