DRAGON INVESTMENT Co. II LLC et al., Appellants, v WILLIAM S. SHANAHAN et al., Respondents. [854 NYS2d 115]—

The statements which plaintiffs contend are fraudulent are contained in written communications dated March 12 and 24, 1999. The plain language of the complaint shows that those communications were made to defendant Fox, not to plaintiffs. The complaint's conclusory allegations that Phoenix falsely represented to plaintiffs that it had approved a shareholders agreement fail to satisfy CPLR 3016 (b)'s requirement that fraud be pleaded with particularity (*see e.g. Hernandez v New York City Law Dept. Corp. Counsel*, 258 AD2d 390 [1999], *appeal dismissed* 93 NY2d 957 [1999], *cert denied* 529 US 1090 [2000]).

Furthermore, "a prediction of something which is . . . expected to occur in the future will not sustain an action for fraud" (*Zanani v Savad*, 217 AD2d 696, 697 [1995]). The March 1999 communications were just such predictions.

The fraud claim is also defective because "[a]s a matter of law, a sophisticated plaintiff cannot establish that it entered into an arm's length transaction in justifiable reliance on alleged misrepresentations if that plaintiff failed to make use of the means of verification that were available to it" (*UST Private Equity Invs. Fund v Salomon Smith Barney*, 288 AD2d 87, 88 [2001]). According to the complaint, plaintiffs—offshore companies who invested $3.4 million in Phoenix—made no inquiry until March 2000, a year after the alleged misrepresentations.

The motion court properly exercised its discretion in denying plaintiffs' request to replead their fraud claim (*see Hornstein v Wolf*, 67 NY2d 721, 723 [1986]).

The motion court properly found that the statute of limitations for plaintiffs' breach of fiduciary duty claim against Fox was three years rather than six years (*see e.g. Carlingford Ctr. Point Assoc. v MR Realty Assoc.*, 4 AD3d 179 [2004]). Even though plaintiffs label the relief they seek on their breach of fiduciary claim "restitution," they essentially seek damages (*see id.* at 180).

Plaintiffs also contend that the statute of limitations for their breach of fiduciary duty claim should be six years because that claim is based on actual fraud (*see Kaufman v Cohen*, 307 AD2d 113, 119 [2003]). That argument is unavailing because, as noted, the court properly dismissed plaintiffs' fraud claim based on affirmative misrepresentations. It is true that "where a fiduciary relationship exists, the mere failure to disclose facts which one is required to disclose may constitute actual fraud, provided the fiduciary possesses the requisite intent to deceive" (*id.* at 120 [internal quotation marks and citations omitted]). However, under British Virgin Islands law, which the parties agree applies because Phoenix is a British Virgin Islands company, and which follows English law, a director (Fox) does not owe a fiduciary duty to shareholders (plaintiffs) unless there is a special factual relationship between them (*see Peskin v Anderson*, [2001] BCC 874, [2001] 1 BCLC 372, 2000 WL 1841707 [2000]). The complaint fails to allege facts establishing such a special relationship (*see Feiner Family Trust v VBI Corp.*, 2007 WL 2615448, *7-8, 2007 US Dist LEXIS 66916, *23-25 [SD NY 2007] [applying Cayman Islands law, which also follows English law]).

Plaintiffs' claim that Fox (aided and abetted by defendants Shanahan and Antares, LLC) looted Phoenix is not time-barred. However, this is a claim that belongs to Phoenix, not plaintiffs (*see e.g. Davis v Magavern*, 237 AD2d 902 [1997]). Therefore, the motion court properly dismissed plaintiffs' claims for breach

of fiduciary duty against Fox, aiding and abetting against Shanahan and Antares, and unjust enrichment against Fox, Shanahan, and Antares, with leave to replead them as derivative claims.

We understand that plaintiffs have filed an amended complaint. Therefore, we express no opinion as to whether the original complaint (which has been superseded by the amended complaint) adequately alleged, in nonconclusory fashion, the elements of aiding and abetting a breach of fiduciary duty as set forth in *Kaufman* (307 AD2d at 125).

Plaintiffs' claim against Phoenix for unjust enrichment was properly dismissed without leave to replead. "[T]he essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007] [citation omitted]). It is not against equity and good conscience to permit Phoenix to retain the money that plaintiffs invested. If the antidilution provision of the draft shareholders agreement was so important to plaintiffs, they should have ascertained *before* they invested $3,402,000 that the agreement had, in fact, been approved. A claim for unjust enrichment does not lie to relieve a party "of the consequences of [the party's] own failure to . . . exercise caution with respect to a business transaction" (*Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270, 277 [1996]).

To the extent that plaintiffs' unjust enrichment claim is based on the alleged dilution of their shares, it fails to state a cause of action (*see Mina Inv. Holdings, Ltd. v Lefkowitz*, 51 F Supp 2d 486 [SD NY 1999]). Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ.