■ LOGAN ADVISORS, LLC, Appellant, v PATRIARCH PARTNERS, LLC, et al., Respondents. [879 NYS2d 463]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 11, 2008, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In December 2000, defendant Ark CLO 2000-1 purchased a portfolio of distressed loans, known as collateral debt obligations (CDOs), and bundled them into a collateralized loan obligation which it financed by issuing investment-grade notes and preference shares to outside investors. Pursuant to the governing indenture, Ark appointed JP Morgan Chase, a wholly independent entity, to serve as the trustee responsible for handling all cash for Ark's investors. On a quarterly basis, the trustee would distribute payments made by the underlying debtors to the investors.

Ark hired codefendant Patriarch Partners to manage the loan portfolio. For its services, Patriarch was to receive, inter alia, a supplemental collateral management fee (Patriarch's Success Fee), which would become payable following the sale of substantially all of Ark's assets and only to the extent funds were available after Ark fully satisfied its other obligations. Patriarch hired plaintiff to assist in managing a portion of Ark's portfolio. Under their agreement, plaintiff was entitled to receive its own Success Fee equal to 10% of Patriarch's Success Fee, if any.

In October 2002, Patriarch terminated plaintiff's services as financial advisor, and plaintiff subsequently brought an action against Patriarch. That lawsuit was resolved by a settlement agreement which provided, in pertinent part, that if Patriarch sold Ark's assets to an affiliate, the sale would be conducted on arm's length terms. The agreement also ended the contract between the parties but required Patriarch to pay plaintiff its Success Fee if one became due.

In January 2005, Ark sold substantially all of its assets to Zohar II 2005-1 Limited, a Patriarch affiliate. The sale of Ark's assets triggered a final application of the payments by the trustee to Ark's investors and other obligees, after which a percentage of the remaining monies, if any, was to be used to pay Patriarch's Success Fee. The trustee determined, however, that

Ark did not have sufficient funds with which to pay its obligations in full, and thus no Success Fee was paid to Patriarch or to plaintiff.

In the instant breach of contract action, plaintiff alleges that Patriarch breached the settlement agreement by engaging in a nonarm's length transaction with Zohar and by undervaluing remaining assets left in Ark so as to deprive plaintiff of its Success Fee. Plaintiff's claim that Patriarch undervalued Ark's remaining assets is barred by the waivers contained in the settlement agreement. Plaintiff explicitly agreed not to contest its Success Fee "in any way" unless the amount of such fee was less than 10% of Patriarch's Success Fee as determined and reported by the trustee. Since it is undisputed that the trustee paid no Success Fee to Patriarch, plaintiff was not entitled to a Success Fee and is precluded by the broad waivers from challenging Patriarch's failure to pay such a fee based on Ark's retained assets.

Regardless of whether or not plaintiff waived its right to challenge the arm's length nature of the Ark-Zohar sale, we find no triable issue of fact underlying that claim. The motion court correctly found plaintiff was precluded from using Ark's financial statements to establish that the sale was not conducted at arm's length. Plaintiff's agreement as part of the settlement of the prior lawsuit to "disclaim any reliance" on the statements "for any purpose" must logically preclude using them in opposition to defendants' motions for summary judgment. Allowing plaintiff to challenge the Ark-Zohar sale based on the financial statements would render meaningless the phrase "for any purpose" and deprive Patriarch the benefit of its bargain. Plaintiff unpersuasively argues that the term "disclaim reliance" is typically used only in the context of a fraud claim and thus cannot be construed to preclude use of the statements here. Plaintiff cites no authority, nor has this Court found any, to support its strained construction of the challenged phrase. Courts may not, under the guise of contract interpretation, distort the meaning of the terms used (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

Plaintiff's contention that the Ark-Zohar sale was not an arm's length transaction is based on unsupported assumptions and speculation that are insufficient to defeat summary judgment (*see Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33, 40 [2009]). Although certain equity securities were transferred to Zohar for no consideration, under the indenture these assets were deemed to be worth "zero" "for all purposes." Moreover, plaintiff has offered no proof that these securities had

any value at the time they were transferred to Zohar. With respect to the CDOs sold to Zohar, there is no dispute that all but two of these assets were priced near, at or above par value. Nor is there any question that Patriarch and LoanX/Markit Partners, an independent valuation firm hired by Patriarch to value the CDOs, followed the pricing mechanism in the indenture for arm's length sales to an affiliate. More importantly, plaintiff points to no evidence that the values assigned by Patriarch and LoanX were below fair market value, nor provides any proof as to what the fair market value of the transferred assets should have been. As to the discounted price of two of the CDOs, plaintiff does not challenge Patriarch's assertions that the underlying debtor company went into bankruptcy, and that the loans had been subordinated and were scheduled to be liquidated at a deep discount. Nor does plaintiff submit any alternative value for these assets that would lend credence to its claim that they were sold at prices below fair market value.

The claim that defendants breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of the breach of contract claim because both claims arise from the same facts (*see Cerberus Intl., Ltd. v BancTec, Inc.*, 16 AD3d 126, 127 [2005]). In light of the dismissal of the complaint as against Patriarch, Ark's motion for summary judgment was correctly granted. Finally, plaintiff was not entitled to a denial of the summary judgment motions as premature. Plaintiff has failed to offer anything other than mere hope that evidence favorable to its claim might be obtained if additional discovery is had (*see Waverly Corp. v City of New York*, 48 AD3d 261, 265 [2008]).

We have considered plaintiff's remaining contentions and find them unavailing.

Motion seeking leave to strike reply brief denied. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.