(November 20, 2014)

MMCT, LLC, Appellant, v JTR COLLEGE POINT, LLC, et al., Respondents. [997 NYS2d 374]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 8, 2013, which, to the extent appealed from as limited by the briefs, granted defendant Jason Halpern's motion to dismiss the fraud cause of action as against him, unanimously affirmed, with costs.

Plaintiff alleges that Halpern made three false pre-investment statements to Michael Gallin, a member of plaintiff. The first was that phases one and two of the construction project, and the environmental studies for the project, were already under way. Plaintiff alleges conclusorily that this statement was false but fails to allege any facts that would support an inference that the statement was false at the time it was made (*see Dragon Inv. Co. II LLC v Shanahan*, 49 AD3d 403 [1st Dept 2008]; *Neiman v Felicie, Inc.*, 55 AD2d 521 [1st Dept 1976]; CPLR 3016 [b]). Moreover, plaintiff cannot establish justifiable reliance on Halpern's statement, since neither the complaint nor Gallin's affidavit makes mention of whether plaintiff's representatives or its members, who are sophisticated investors, inspected the project site or bookkeeping to ascertain the status of the project before investing in it (*see Dragon Inv. Co.*, 49 AD3d at 404).

The second alleged misrepresentation was that the project was in a "great area" and that Halpern would prefer to invest his own money rather than rely on his family. This statement is non-actionable opinion or puffery (*see ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC*, 50 AD3d 397, 399 [1st Dept 2008]).

The third alleged misrepresentation was made in a "Confidential Information Memorandum" (CIM) which outlined the goals and structure of the project. Plaintiff alleges the CIM contains material misrepresentations of fact that were made with the knowledge that they were false when made. Among those misrepresentations are that the investment was a loan and that plaintiff was certain to recover its investment with a profit. The CIM states, however, that its sole purpose is to provide "general information" about the development project and that "[n]othing contained in this memorandum is or shall be relied upon as a promise or representation as to the past or future performance of the Property." The CIM also contains a disclaimer that "[a]ny estimates and projections have been prepared by, and based upon information that involves significant subjective judgments, assumptions and analyses of management, outside consultants and third parties which may or may not be accurate." Although plaintiff contends its investment was functionally a loan, the CIM provides that it is a "preferred

investment interest" secured by a "preferred equity interest" combined with a 5% share of the "project net profit," indicating that this was a performance based investment.

Plaintiff has not satisfied the heightened pleading standard for a fraud claim under CPLR 3016 (b) because it failed to identify any of the allegedly, false representations that Halpern made with the then present intent to induce plaintiff's investment in the project. Moreover, the fraudulent inducement claim duplicates the breach of contract claim because plaintiff has not alleged any representation that is collateral to the contract (*RGH Liquidating Trust v Deloitte & Touche LLP*, 47 AD3d 516 [1st Dept 2008], *lv dismissed* 11 NY3d 804 [2008]). "A fraud-based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract" (*Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453 [1st Dept 2008] [internal quotation marks omitted]).

Leave to replead was properly denied since plaintiff had an opportunity to review the project's ledger entries for the relevant time period before Halpern brought this motion, and has made no showing that it can state a cause of action. Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.