■ IAN PAI, Appellant-Respondent, v BLUE MAN GROUP PUBLISHING, LLC, et al., Respondents-Appellants, et al., Defendant. [56 NYS3d 85]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 29, 2016, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's sixth

cause of action for fraud, and denied defendants' motion to dismiss the remaining causes of action, except to the extent that those causes of action were barred in part by the applicable statutes of limitations, unanimously affirmed, without costs.

Although plaintiff's breach of fiduciary duty claim grounded in fraud was timely (see *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139-140 [2009]), the court properly limited plaintiff's recovery to the applicable statute of limitations periods, which here is six years (see e.g. *Carlingford Ctr. Point Assoc. v MR Realty Assoc.*, 4 AD3d 179, 180 [1st Dept 2004]; *Chiu v Man Choi Chiu*, 71 AD3d 621 [2d Dept 2010]). Contrary to plaintiff's arguments, his stale claims for underpaid royalties during the fiduciary relationship but prior to the limitations periods were not revived by tolling or equitable estoppel.

The court properly determined that plaintiff's allegations for his breach of fiduciary duty claim were sufficient to defeat the motion to dismiss (see generally *Roni LLC v Arfa*, 18 NY3d 846, 848 [2011]; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). The statute of frauds did not bar that claim or plaintiff's remaining claims for royalties based upon the live performances, which were not covered under any agreement. Nevertheless, inasmuch as plaintiff's fraud claim was duplicative of the breach of fiduciary duty claim, it was properly dismissed (see *Frydman & Co. v Credit Suisse First Boston Corp.*, 272 AD2d 236, 238 [1st Dept 2000]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ. ■