Interventure 77 Hudson LLC v Falcon Real Estate Inv. Co., LP (2019 NY Slip Op 03670)





Interventure 77 Hudson LLC v Falcon Real Estate Inv. Co., LP


2019 NY Slip Op 03670


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, JJ.


9258 653913/13

[*1]Interventure 77 Hudson LLC, et al., Plaintiffs-Appellants,
v
Falcon Real Estate Investment Co., LP, now doing business as Falcon Real Estate Investment Management Ltd., et al., Defendants-Respondents, Whitney Investment Advisors, et al., Defendants.


Kaplan Rice LLP, New York (Howard J. Kaplan and Daniel D. Edelman of counsel), for appellants.
Foran Glennon Palandech Ponzi & Rudloff, P.C., New York (Joseph W. Szalyga of counsel), for Falcon Real Estate Investment Co., LP, Howard E. Hallengren and Jack D. Miller, respondents.
Budd Larner, P.C., New York (Tod S. Chasin of counsel), for David A. Hill and International Real Estate Services, Inc., respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about May 29, 2018, which, inter alia, granted in part defendant David Hill's motion for summary judgment, granted defendant International Real Estate Services's (IRES) motion for summary judgment, and denied the motion for partial summary judgment by plaintiffs Pinnacle Owner Corp., Pinnacle Tenant LLC, Westlake Three Owner Corp., Westlake Three Tenant LLC, Westlake Four Owner Corp., and Westlake Four Tenant LLC, unanimously affirmed, without costs.
The motion court correctly granted defendant Hill's motion for summary judgment dismissing all but the claim for breach of fiduciary duty, and granted defendant IRES's motion in its entirety, finding plaintiffs' claims time barred under the Delaware statute of limitations, and our application of New York's "borrowing statute" (CPLR 202; see Oxbow Calcining USA Inc v American Indus. Partners, 96 AD3d 646 [1st Dept 2012]; Kat House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP, 71 AD3d 580 [1st Dept 2010]). Plaintiffs hold commercial real estate across the country, and there is no evidence that they have a principal place of business in any one state. Accordingly, the motion court reasonably designated plaintiffs' residence as Delaware, their state of incorporation (see Verizon Directories Corp v Continuum Health Partners, 74 AD3d 416 [1st Dept 2010], lv denied 15 NY3d 716 [2010]; Oxbow, 96 AD3d at 650-651). In addition, given that plaintiffs' injury was purely economic, the place of their injury for purposes of the borrowing statue is normally deemed their residence, where the economic impact of defendants' conduct is sustained (Global Fin. Corp. v Triarc. Corp., 93 NY2d 525, 529-530 [1999]; see also Gordon & Co. v Ross, 63 F Supp 2d 405, 408-409 [SD NY 1999]). Accordingly, the Delaware statute of limitations applies to this action.
The court correctly dismissed plaintiffs' fraud claim as duplicative of the breach of fiduciary duty claim (see Pai v Blue Man Group Publ, LLC, 151 AD3d 456 [1st Dept 2017]), as plaintiffs' fraud allegations are subsumed in the allegations of wrongdoing that constitute the alleged breach of fiduciary duty.
Summary judgment on plaintiffs' breach of fiduciary duty claim was properly denied. In support of their motion, plaintiffs' claimed that certain "Aker" leasing fees were paid without [*2]their consent, but the only document supporting this contention was the affidavit of a member of plaintiff's ownership team, which is short on detail and arguably technically defective. Moreover, it was written after the fact, and the record contains no contemporaneous communications where that member, upon learning the lease would not be executed, demanded return of the fees he previously authorized. Nor does his affidavit address defendants' assertion that the member of the ownership team took $50,000 in fees for himself.
Even if the affidavit satisfies plaintiffs' initial burden, defendants came forward with sufficient proof to create fact issues as to whether they had the requisite authorization to take the leasing fees, and whether they were entitled to offset them against future earned fees. Nor do plaintiffs adequately explain why defendants cannot rely on the authorization or another agent of plaintiff's ownership team to show issues of fact that precluded summary judgment. They argue this agent confessed to self-dealing, but the record suggests the admitted misconduct was in connection with an unrelated matter; even if it were related, plaintiffs do not show why defendants would have had reason, at the relevant time, to question the validity of the agent's authorization as to the Aker fees.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK