Oberon Sec., LLC v Titanic Entertainment Holdings LLC (2021 NY Slip Op 05929)





Oberon Sec., LLC v Titanic Entertainment Holdings LLC


2021 NY Slip Op 05929


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 653877/19 Appeal No. 14516 Case No. 2021-01174 

[*1]Oberon Securities, LLC, Plaintiff-Respondent,
v
Titanic Entertainment Holdings LLC et al., Defendants-Appellants.


Wasserman Legal LLC, New York (Jeffrey I. Wasserman of counsel), for appellants.
Sher Tremonte LLP, New York (Robert R. Knuts of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 1, 2021, which, to the extent appealed from, denied defendants' motion to dismiss the first cause of action for breach of contract, unanimously affirmed, with costs.
The relevant agreement, by which Titanic Holdings Entertainment Holdings LLC (Titanic Holdings) retained plaintiff to act as its consultant and exclusive financial advisor, provides:
"For purposes of this Agreement, the 'Company' shall be defined as Client [Titanic Holdings] together with all subsidiaries, affiliates, successors and other controlled units, either existing or formed subsequent to the execution of this agreement . . . The Company agrees to cause the financing or acquisition vehicle upon its formation, and each other investor in such vehicle as a condition to participation in the Transaction, to agree in writing to be bound (jointly and severally with the Company) by the terms of this Agreement."
This language, together with the documents submitted by the parties, supports a finding that defendants Titanic Tennessee LLC, Cedar Bay Entertainment LLC, and Alan Entertainment Holdings LLC are bound by the agreement, notwithstanding that they are not signatories (see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 122 [1st Dept 2020]).
Defendants failed to include in their motion papers a copy of the final transaction to support their argument that the sale-leaseback transaction for which plaintiff alleges it is owed a success fee does not qualify as a transaction eligible for such a fee. Defendants' argument that even if a sale-leaseback were the type of transaction for which a success fee was owed, no fee was owed in this instance because the agreement is an "exclusive agency" agreement, and not an "exclusive right to sell" agreement is unavailing. Even if the parties had an "exclusive agency" agreement, defendants failed to establish that plaintiff did not procure the buyer in the relevant transaction (see Morpheus Capital Advisors, LLC v UBS AG, 23 NY3d 528, 531 [2014]).
The court properly relied on the forum selection clause in exercising personal jurisdiction over defendants, all Delaware limited liability companies. Pursuant to the agreement, the term "Company," which includes affiliates, subsidiaries, and subsequently formed entities, was used in the forum selection clause to which Titanic Holdings, as agent of the nonsignatory defendants, agreed to be bound. Thus, the record reflects a sufficiently close relationship among defendants to make the application of the clause foreseeable, rendering a separate minimum-contacts analysis unnecessary (see Highland Crusader Offshore Partners, 184 AD3d at 121).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021