New York City Waterfront Dev. Fund II, LLC v Pier A Battery Park Assocs., LLC (2022 NY Slip Op 04127)

New York City Waterfront Dev. Fund II, LLC v Pier A Battery Park Assocs., LLC

2022 NY Slip Op 04127

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 657055/20 Appeal No. 16205 Case No. 2021-03665 

[*1]New York City Waterfront Development Fund II, LLC, Plaintiff-Appellant,
v
Pier A Battery Park Assocs., LLC et al. Defendants-Respondents.

Weil, Gotschal & Manges LLP, New York (Gregory Silbert of counsel), for appellant.
Akerman LLP, New York (Benjamin Joelson of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about August 31, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fraudulent inducement, fraud, aiding and abetting fraud, negligent misrepresentation, and veil-piercing claims, unanimously affirmed, without costs.
This dispute arises from plaintiff's $16.5 million loan to defendant borrower Pier A LLC (Borrower) for premises known as "Pier A." There are two agreements at issue on this appeal — first is the loan agreement [FN1] between plaintiff and defendant borrower Pier A LLC (Borrower); second is the lease agreement [FN2] between Borrower and non-party Battery Park City Authority (BPCA).
The complaint alleges that defendants fraudulently induced plaintiff to extend the loan to Borrower by furnishing false financial projections. However, Borrower expressly represented in section 3.10 of the loan agreement that those projections were prepared in good faith upon assumptions believed to be reasonable at the time (see Thomas v McLaughlin, 276 AD2d 440 [1st Dept 2000]). As the essence of the allegations is that defendants did not comply with that provision, the only claim stated is breach of contract (see MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 499 [1st Dept 2014]). Thus, we need not reach the issue of whether the court properly credited defendants' written request to prepay the loan as irrefutable proof of absence of intent to defraud.
The complaint states that on November 1, 2018, Borrower and BPCA amended their lease agreement. Plaintiff contends that defendants fraudulently induced it to consent to the lease amendments and forbear from enforcement actions with false assertions that Borrower was committed to honoring its obligations and taking steps to enable it to do so.
The sixth cause of action sounding in fraud with respect to the pre-loan misrepresentations is duplicative of the breach of contract claim (see e.g. MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497 [1st Dept 2014]; OP Solutions, Inc. v Crowell & Moring, LLP, 72 AD3d 622 [1st Dept 2010]). The seventh cause of action, for fraud as to the alleged misrepresentations prior to entering into the lease amendments is, similarly duplicative. Finally, the representations that were allegedly made after entering into the lease amendments are not misrepresentations of defendants' ability to perform (cf. Shear Enters. LLC v Cohen, 189 AD3d 423 [1st Dept 2020]; Man Advisors, Inc. v Selkoe, 174 AD3d 435 [1st Dept 2019]). Moreover, plaintiff does not allege that it sustained damages that would not be recoverable under the breach of contract cause of action (Shear Enters., 189 AD3d at 309; MaÑas v VMS Assoc. LLC, 53 AD3d 451, 454 [1st Dept 2008]).
Absent a fraud-based claim, there can be no claim for aiding and abetting fraud (see El Toro Group, LLC v Bareburger Group, LLC, 190 AD3d 536, 542 [1st Dept 2021]).
As to the negligent misrepresentation claims, [*2]the arm's length transaction between the sophisticated parties did not give rise to a "special relationship" requiring defendants to speak with care about Borrower's financial condition (Kimmell v Schaefer, 89 NY2d 257, 264 [1996]). Plaintiff's reliance on the "special facts" doctrine is unavailing because, even though the complaint adequately alleges defendants' superior knowledge of the facts, the allegations that plaintiff could not have discovered the information through the exercise of ordinary intelligence are conclusory (see Jana L v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]; P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 378 [1st Dept 2003]; Swersky v Dreyer & Traub, 219 AD2d 321, 327-328 [1st Dept 1996]).
The complaint fails to allege facts sufficient to hold the non-Borrower defendants liable under an alter ego theory. Even if it adequately alleges that they dominated and controlled Borrower, the allegations show only that they used this domination and control to cause Borrower to breach its contractual obligations, which is insufficient to pierce the corporate veil (see Parlux Fragrances, LLC v S. Carter Enters., LLC., 204 AD3d 72, 91 [1st Dept 2022]; Kahan Jewelry Corp. v Coin Dealer of 47th St. Inc., 173 AD3d 568, 569 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022

Footnotes

Footnote 1: According to the complaint, the loan documents consist of the loan agreement, the promissory note and the leasehold mortgage. 

Footnote 2: The complaint alleges that the lease was amended six times, culminating with the Sixth Amendment to Lease, dated November 1, 2018.