EPAC Tech. Ltd. v Interforum S.A. (2023 NY Slip Op 03543)

EPAC Tech. Ltd. v Interforum S.A.

2023 NY Slip Op 03543

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 652032/21 Appeal No. 588-589 Case No. 2022-03478, 2022-03480 

[*1]EPAC Technologies Ltd., Plaintiff-Appellant-Respondent,
v
Interforum S.A., et al., Defendants-Respondents-Appellants, Vivendi S.E., et al., Defendants- Respondents. John Coyle, William Dodge and Robin Effron, Amici Curiae. 

Mauriel Kapouytian Woods, LLP, New York (Sherman W. Kahn of counsel), for appellant-respondent.
Holwell, Shuster & Goldberg LLP, New York (Vincent Levy of counsel), for respondents-appellants and Vivendi S.E., respondent.
Proskauer Rose LLP, New York (Bradley R. Bobroff of counsel), for BollorÉ S.E., respondent.
DGW Kramer LLP, New York (Katherine Burghardt Kramer of counsel), for amici curiae.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered July 21, 2022, dismissing the complaint as against defendants BollorÉ S.E. and Vivendi S.E. with prejudice, unanimously reversed, on the law, without costs, the judgment vacated, the tortious interference with contract claim against them reinstated, and the matter remanded for further proceedings.
Order, same court and Justice, entered June 16, 2022, which, inter alia, granted plaintiff's motion to dismiss defendants Interforum S.A. and Editis S.A.'s fraudulent inducement counterclaim, unanimously affirmed, and thye appeal is otherwise dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff stated a valid claim against BollorÉ S.E. (BollorÉ) and Vivendi S.E. (Vivendi) for tortious interference with a contract between plaintiff and Interforum S.A. (Interforum) and Editis S.A. (Editis and collectively, the Editis Defendants) (see Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]). Although plaintiff's own allegations established that Vivendi and BollorÉ "acted to protect [their] own legal or financial stake in the breaching part[ies'] business," thereby invoking the economic interest defense (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]), it also alleged facts sufficient to overcome this defense — i.e., that Vivendi and BollorÉ instructed the breaching parties to employ fraudulent or illegal renegotiation tactics — including lying about their desire to acquire additional publishers, fabricating complaints about plaintiff's performance, and feigning concern about inapplicable French tax withholding requirements — and demonstrated malice by instructing nonpayment of monies duly owed (see UMG Recs., Inc. v Escape Media Group, Inc., 37 Misc 3d 208, 225 [Sup Ct, NY County 2012], revd on other grounds by 107 AD3d 51 [1st Dept 2013]; Green Star Energy Solutions, LLC v Edison Props., LLC, 2022 US Dist LEXIS 196738, *48-49, 2022 WL 16540835, *16 [SD NY Oct. 28, 2022]). Plaintiff's allegations of interference and causation with respect to BollorÉ were likewise sufficient.
Because we reinstate the tortious interference claim against Vivendi and BollorÉ, necessitating an analysis of their personal jurisdiction challenge, we need not address the question of whether the motion court was required to address the jurisdictional issue as a threshold matter.
Plaintiff relies on the "closely related" doctrine — i.e., that "[a] non-signatory may also be bound by a forum selection clause where the non-signatory and a party to the agreement have such a 'close relationship' that it is foreseeable that the forum selection clause will be enforced against the non-signatory" (Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 122 [1st Dept 2020]). BollorÉ, Vivendi, and amici curiae object that wholesale application of this doctrine allows for the circumvention of federal [*2]due process requirements insofar as it dispenses with the need to perform an analysis of the defendant's contacts with the forum state. However, this Court has already held that no separate due process analysis is necessary because "the concept of foreseeability is built into the closely-related doctrine, which explicitly requires that the relationship between the parties be such that it is foreseeable that the non-signatory will be bound by the forum selection clause" (id. at 123; see Oberon Sec., LLC v Titanic Entertainment Holdings LLC, 198 AD3d 602, 603 [1st Dept 2021]).
We find that plaintiff alleged a sufficiently close relationship between Vivendi and the Editis Defendants to justify subjecting it to personal jurisdiction in New York and that its allegations with respect to BollorÉ were sufficient to warrant jurisdictional discovery (see Highland, 184 AD3d at 124-125; Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 179-180 [1st Dept 2017]). Plaintiff alleged that Editis (which owned Interforum) was a wholly-owned subsidiary of Vivendi, that Vivendi's CEO was also the Chairman of Editis, and that Vivendi managed the Editis Defendants' performance of the subject agreement (see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 402-403 [1st Dept 2012]). It is not dispositive that Vivendi did not acquire Editis until after the agreement was executed (see Metro-Goldwyn-Mayer Studios Inc. v Canal+ Distrib. S.A.S., 2010 US Dist LEXIS 12765, *15-16, 2010 WL 537583, *5 [SD NY Feb. 5, 2010]). Although BollorÉ had only a 27% minority stake in Vivendi, including 30% of its voting shares, an indirect controlling interest may be sufficient to establish a close relationship, as may a minority stake — at least where, as here, the plaintiff alleged effective control over the signatories (the Editis Defendants) via the parent (Vivendi), citing an overlap in management, directors, and officers (see Universal, 154 AD3d at 179; Power Up Lending Group, Ltd. v Nugene Int'l., Inc., 2019 US Dist LEXIS 5720, *23-29, 2019 WL 2119844, *8-10 [ED NY Jan. 10, 2019], adopted by 2019 US LEXIS 33094, 2019 WL 989750 [ED NY Mar. 1, 2019]; LaRoss Partners, LLC v Contact 911 Inc., 874 F Supp2d 147, 161 [ED NY 2012]; Firefly Equities LLC v Ultimate Combustion Co., 736 F Supp2d 797, 800 [SD NY 2010]; Metro-Goldwyn-Mayer, 2010 US Dist LEXIS 12765, at *15, 2010 WL 537583, at *5).
Determination of BollorÉ's forum non conveniens argument must await completion of jurisdictional discovery because, if BollorÉ is found to be bound by the forum selection clause, then dismissal would not be proper on forum non conveniens grounds (see General Obligations Law § 5-1402; AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495, 496-497 [1st Dept 2011]; Sebastian Holdings, Inc. v Deutsche Bank AG, 78 AD3d 446, 447 [1st Dept 2010]).
The fraudulent inducement counterclaim was properly dismissed for failure to sufficiently allege facts from which [*3]it may be reasonably inferred that plaintiff knew its representations regarding its projected costs were inaccurate when made (see generally Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 71-72 [1st Dept 2017]). The Editis Defendants' argument that these facts are peculiarly within the knowledge of plaintiff is unavailing in view of the absence of any allegations that they undertook any due diligence to verify the cost projections (or took other steps to protect themselves) — thereby negating any claim of justifiable reliance (see MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 498 [1st Dept 2014]; Abrahami v UPC Constr. Co., 224 AD2d 231, 234 [1st Dept 1996]).
In view of the foregoing, we need not reach the parties' arguments with respect to whether the fraudulent inducement counterclaim was duplicative of the breach of contract counterclaim and/or was barred by the agreement's merger clause.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023