Tour Cent. Park Inc. v Thor 38 Park Row LLC (2024 NY Slip Op 00252)

Tour Cent. Park Inc. v Thor 38 Park Row LLC

2024 NY Slip Op 00252

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 651406/21 Appeal No. 1449 Case No. 2022-05773 

[*1]Tour Central Park Inc., Plaintiff-Appellant,
v
Thor 38 Park Row LLC et al., Defendants-Respondents.

Glassberg & Associates, LLC, New York (Steven H. Glassberg of counsel), for appellant.
Matalon PLLC, New York (Joseph Lee Matalon of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on December 23, 2022, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants demonstrated entitlement to summary judgment dismissing the complaint by submitting evidence that they returned plaintiff's full security deposit. In opposition, plaintiff did not dispute that the deposit was returned or submit any other evidence to support a finding of damages or special damages (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CPLR 3212]). The lack of damages defeats the breach of contract and unjust enrichment claims (see Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina, 234 AD2d 187, 189-190 [1st Dept 1996]), and the absence of special damages requires dismissal of the prima facie tort claim (see Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]).
The court properly dismissed the breach of implied covenant of good faith and fair dealing claim as duplicative to the extent it was based on the same facts underlying the breach of contract claim (Logan Advisors, LLC v Patriarch Partners, LLC, 63 AD3d 440, 443 [1st Dept 2009]). That claim is also inconsistent with the terms of the lease which permitted landlord to terminate early and did not limit landlord's right to lease other space in the building to businesses that compete with plaintiff. The "covenant of good faith and fair dealing . . . cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights" (Fesseha v TD Waterhouse Inv. Servs., Inc., 305 AD2d 268, 268 [1st Dept 2003]). The fraudulent inducement claim fails both for lack of damages, and because it only alleged that defendants were not sincere in their promise to perform under the alleged oral contract (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see also MMCT, LLC v JTR Coll. Point, LLC, 122 AD3d 497, 499 [1st Dept 2014]).
Plaintiff did not demonstrate that there are facts essential to justify opposition to the summary judgment motion which are exclusively within defendants' knowledge and control, which would warrant denying the motion as premature (CPLR 3212 [f]; see Global Mins. and Metals Corp. v Holme, 35 AD3d 93, 102-103 [1st Dept 2006], lv denied, 8 NY3d 804 [2007]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024